VERNON METAL AND PRODUCE COMPANY, INC., Appellant, *v.* THE JOSEPH JOSEPH & BROTHERS COMPANY, Respondent.

*Accounting — contract — joint venture — action for an accounting under a contract of joint venture — net profits.*

*Vernon M. & P. Co.* v. *Joseph & Bros. Co.*, 212 App. Div. 358, modified.

(Argued October 26, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered April 7, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a judgment in favor of plaintiff entered upon an order of Special Term modifying the report of a referee and directed judgment in favor of defendant. The action was for an accounting under a contract of joint venture by the terms of which the defendant agreed to reimburse the plaintiff for what it had paid for certain scrap metal, to put the material in merchantable condition, sell the same and pay to the plaintiff one-half of the profits.

*A. S. Gilbert* and *Alfred Frankenthaler* for appellant.

*Henry C. Moses* for respondent.

*Per Curiam.* Under the contract for a division of the net profits of the enterprise, the defendant was entitled to charge the plaintiff's share with its proper proportion of the defendant's overhead expenses, in the absence of circumstances satisfying the court of the intention of the parties that such expenses were to be excluded. True it is that some circumstances tending to such exclusion may be discovered in this record, but they are not so decisive that their significance may be determined as an inference of law. The accounts rendered by the defendant at the close of the transactions did not give rise to an estoppel. They did not even result in accounts stated, for the plaintiff was unwilling to accept them. In default of evidence that overhead expenses had ever been the subject of discussion or agreement, the omission of such items from the accounts rendered might be found by the triers of the fact to have been inadvertent and erroneous.

We think, however, that the amount allowed as overhead is excessive in that included in it are items for which allowance had already been made under other headings or classifications. The result is that the plaintiff has borne the same expenses twice. There is a possibility that the defendant could have explained away this inference, and shown that the duplication, though apparent, was unreal. The explanation has not been given. Upon the face of the accounts, the duplication exists, and the burden of justifying the charges was on the defendant as the accounting party. We think the following items must be excluded: Twenty per cent of the salary of the manager at the Modena Yard, $309; travel and living expenses, $1,025.53 (since the expenses of travel are also included in the overhead); and general expenses $1,202.39; total $2,536.92.

The effect of this reduction will be to wipe out the affirmative judgment for $909.86 in favor of the defendant, and to award a judgment of $1,627.06 in favor of the plaintiff.

Other items in dispute were properly disposed of in the court below.

The judgment of the Appellate Division and that of the Special Term should be modified by directing judgment in favor of the plaintiff for $1,627.06 with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments modified; etc.