■ SAMUEL COHEN, Respondent, v. HEINE & Co. et al., Appellants, et al., Defendant.— In an action to recover damages for the alleged improper sale of certain securities, order of the Supreme Court, Nassau County, dated December 2, 1971, which denied appellants' motion to strike the case from the calendar, affirmed, without costs, and without prejudice to appellants to move at Special Term for further disclosure. Trial Term erred in holding that the appellants had waived their right to seek disclosure of disputed questions which had not been answered at an examination before trial by refusing to participate in the procedure of obtaining rulings on these disputed questions from the justice presiding at Special Term, Part II. The "ruling" system is not expressly sanctioned by the CPLR. Certainly, there is no requirement that rulings must be sought where this system exists. To the contrary it has been stated that CPLR 3124 envisions a procedure whereby pretrial questions will continue to completion despite disputes, and that the attorneys will subsequently move for disclosure, returnable at the part for contested motions (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101 to 3200, Practice Commentaries, C3124:3–C3124:5). There is no authority for the court's finding that the appellants waived their right to disclosure simply because they refused to go immediately for a ruling. However, even if, after a determination on the merits, further disclosure is deemed necessary, there is no need to strike the case from the calendar. Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur.