Joseph Life, J.
During the examination before trial of plaintiff, counsel for the defendants posed three questions to plaintiff which were objected to by his attorney. Defendants sought to ascertain (1) whether plaintiff was ever convicted of a crime, (2) whether he was known by any other name or names within the last five years and (3) what were his addresses during the same period. Unable to settle their disagreement on the propriety of these matters counsel appeared before this court in Special Term, Part II for a ruling. At the time the court indicated that the questions should be answered. However, because of the request of plaintiff’s counsel, the court consented to take memorandums of law and make a formal ruling. That is not the preferred practice (Cohen v. Heine & Co., 39 A D 2d 563), but since the court heard the arguments and became familiar with the issues we thought time would be conserved by taking the submission.
In the first cause of action plaintiff seeks to recover damages for injuries he sustained as the result of an alleged assault by the defendants; the second cause of action alleges a scheme by defendants to defraud him of his money and property; and the third cause requests exemplary damages. The defendants respond to these allegations with denials and in their defenses they assert in essence that their actions “ were justified by reason of the acts and threats of the plaintiff. ’ ’
Counsel for defendants has not indicated the purpose for which he seeks this information or how it may be utilized at the trial. However, we may assume that it is sought in anticipation of1 a cross-examination of plaintiff during the trial and to reflect upon his credibility. “ The character of a party may not be shown in ,a civil case to raise an inference that he either did or did not do the act in question.” (Richardson, Evidence [9th ed.], '§ 163.) Character evidence is admissible in a civil case where character is ¡directly in issue, i.e. “ (a) libel and slander; (b) malicious prosecution; ” (Richardson, Evidence, supra; see also Pisch, New York Evidence, § 172).
However, should plaintiff testify during the trial his credibility will be subject to impeachment in the same manner as any other witness (see Richardson, Evidence [9th ed.], ■§ 505; Pisch, New York Evidence, ch. 15) and he may be questioned as to whether he has been convicted of a crime (CPLR ¡4513). “ There shall *793 be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ” (CPLR 3101, subd. [a]), and as long as the “ ‘ “ information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered 1 evidence material * * * in the prosecution or defense’’”” (Allen v. Crowell-Coilier Pub. Co., 21 N Y 2d 403, 407).
Accordingly, the plaintiff is directed to answer the questions asked.
We find ourselves in disagreement with the views expressed in Counihan v. Knoebel (N. Y. L. J., Nov. 21, 1973, p. 20, col. 7) which denied the request to compel answers to questions pertaining to credibility at an examination before trial. The comments of Professor McLaughlin in his column “ New York Trial Practice ” in the New York Law Journal of December 14, 197¿hat page 4, column 2, are more in keeping with the spirit of the CPLR 3101 et seq. and we are in agreement with his conclusion that such questions should be answered.