Charles H. Cohen, J.
The court has been presented with a group of motions and cross motions, the determination of which rests largely upon the unresolved question of whether or not the principle of People v Sandoval (34 NY2d 371) applies in a civil action. The question posed is whether all prior convictions of a crime by a witness (in this case, the plaintiff) are admissible to impeach his credibility or whether only such convictions are admissible as "bear logically and reasonably on the issue of credibility,” considering not only *82 the nature of the crime but the amount of time that has elapsed since the date of the previous criminal conduct. (Sandoval, supra, pp 376-378.)
At first blush, one might suppose that the Sandoval principle would be equally applicable to civil as well as criminal actions as representing a fair policy in striking a balance between "the probative worth of evidence of prior specific criminal” convictions on the issue of the credibility of a witness on one hand, and on the other the risk of unfair prejudice to the witness. (See Sandoval, p 375.) However, Sandoval is a criminal action and, not being based upon universally applicable constitutional grounds (see People v Adams, 81 Misc 2d 528, 529; see, also, People v Duffy, 44 AD2d 298, 305, afid 36 NY2d 258, mod 36 NY2d 857, cert den 423 US 861), it runs, in a civil action, into the wall of CPLR 4513, which reads as follows: "A person who has been convicted of a crime is a competent witness; but the conviction may be proved, for the purpose of affecting the weight of his testimony, either by cross-examination, upon which he shall be required to answer any relevant question, or by the record. The party cross-examining is not concluded by such person’s answer.”
Thus, despite the trial court’s general discretionary power to exclude evidence which is more prejudicial than probative (People v Sandoval, supra, p 375; People v Schwartzman, 24 NY2d 241, 247, cert den 396 US 846), this power in a civil action is limited by this statute.
The court is cognizant of the fact that the somewhat peculiar form of this statute — first declaring that one convicted of a crime is a competent witness and then permitting his conviction to be proved — is derived from the change in the common-law rule of incompetency of a convicted criminal into one which permits his testimony, with evidence of any conviction admissible as to the issue of his credibility (Wigmore, Evidence [3d ed], § 519 [4]). Yet, CPLR 4513 specifically permits proof of the fact that the witness was convicted of a crime. This statute does not give the court discretion but states that the conviction "may be proved”; it permits the party seeking to prove the conviction to do so. (Cf. 5 Weinstein-Korn-Miller, NY Civ Prac, par 4513.10.)
There is no comparable statute in the Criminal Procedure Law. CPL 60.15 (subd 2) simply permits a defendant to testify in his own behalf and CPL 60.20 permits any other person to *83 testify, with certain restrictions relating to infancy or mental disease or defect. CPL 60.40 (subd 1), which is relevant to this general problem although not addressed to the question of when and to what extent a defendant may be cross-examined concerning prior convictions (Sandoval, supra, p 374), People v Vigor (53 AD2d 991), declares: "If in the course of a criminal proceeding, any witness, including a defendant, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called Mm may independently prove such conviction. If in response to a proper inquiry whether he has ever been convicted of any offense the witness answers in the negative or in an equivocal manner, the adverse party may independently prove any previous conviction of the witness.”
It is to be noted that in making provision for independent proof of convictions this statute refers to situations where the witness is "properly” asked or where there was a "proper” inquiry,- thus allowing the courts in a criminal action some latitude with respect to the scope of inquiry concerning previous convictions. (See People v Duffy, supra, p 301.) Parenthetically, the court also notes CPL 60.10 which states that "Unless otherwise provided by statute or by judicially established rules of evidence applicable to criminal cases, the rules of evidence applicable to civil cases are, where appropriate, also applicable to criminal proceedings.” Sandoval, then, represents a judicially-established rule of evidence "applicable to criminal cases” so that the rule of evidence encompassed by CPLR 4513 is not applicable to a criminal proceeding.
While if would seem generally desirable that the same rules of evidence apply in both civil and criminal actions, it appears that the problems facing a criminal defendant including Ms right to a fair trial require a special rule applicable only to criminal defendants. (See Sandoval, supra, p 378.) Indeed, Sandoval, by its terms, seems to be applicable only to a defendant in a criminal action and not even to all witnesses in a criminal action. See People v Duffy (supra, p 306, n 3) where the Appellate Division, Second Department on April 22, 1974 and prior to Sandoval, adopted the Sandoval principle but expressed the view that while the question was not before it, the balancing of the prejudicial effect of prior convictions as against their probative value "should not extend to witnesses other than the defendant, since they do not stand to lose their *84 liberty if the jury disbelieves their testimony,” (Cf. People v Rodriquez, 38 NY2d 95, 101.) Presumably, if the Legislature desired to make the principle of Sandoval — 'which was enunciated on June 19, 1974 — generally applicable, it would have done so. (Cf. Codling v Paglia, 32 NY2d 330, 345.)
The court concludes that the Sandoval principle is not applicable to civil actions. See also Del Cerro v City of New York (46 AD2d 898, 899) where the Appellate Division, Second Department, in a civil action decided on December 16, 1974— after Sandoval — relating to a trial which apparently took place in 1973, declared, without mentioning Sandoval (or Duffy, supra), that it was error to have "restricted cross-examination of a defense witness who had been convicted of a crime, with respect to the underlying conviction”.
In this case, questions had been put to plaintiff in his examination before trial relating to his past convictions. The attorneys for the parties were unable to settle their disagreement over the propriety of these questions, and, as is customary in such situations — although not the preferred practice (Cohen v Heine & Co., 39 AD2d 563; Goberman v McNamara, 76 Misc 2d 791) — appeared before the court at Special Term, Part II for rulings. With respect to questions concerning previous convictions, the court ruled that since evidence of prior convictions might be admissible even if Sandoval were applicable, these questions should be answered in accordance with the broad scope of disclosure set forth in CPLR 3101 (subd [a]) as explained in Allen v Crowell-Collier Pub. Co. (21 NY2d 403, 407). See also Goberman v McNamara (76 Misc 2d 791). The court further indicated that if plaintiff believed that the Sandoval principle were applicable plaintiff might, after answering the questions concerning convictions, move for a determination of that problem.
Apparently, plaintiff’s attorney, despite the rulings made, did not permit plaintiff to answer questions concerning his previous convictions. If plaintiff was not going to comply with adverse rulings, the court wonders why plaintiff bothered to participate in the request for rulings since plaintiff could have insisted on following the preferred practice set forth in Cohen v Heine & Co. (39 AD2d 563) as follows: "CPLR 3124 envisions a procedure whereby pretrial questions will continue to completion despite disputes, and that the attorneys will subsequently move for disclosure, returnable at the part for contested motions”. Indeed, defendants assert that since plaintiff *85 participated without objection in the requests for rulings, plaintiff is bound by those rulings. However, in view of the novel question presented in this case and the fact that plaintiff has, in accordance with the preferable procedure set forth in Sandoval, (supra, p 375), made a pretrial motion seeking to restrain defendants from offering at the trial of this action, evidence of any prior criminal convictions of plaintiff, the court has considered the entire matter again.
As indicated above, it does not appear that the Sandoval principle has even been extended to nondefendant witnesses in criminal actions despite the lack of any statutory bar and it is clear that it does not apply at all in civil actions. Parenthetically, the court observes that plaintiff has not even complied with the procedure outlined in Sandoval, (supra, p 378) in that he has not informed the court of his prior convictions; all that has been presented is an affirmation of his attorney stating that he was convicted of an unspecified crime 20 years ago.
Accordingly, plaintiff is now again directed to answer questions concerning any convictions of a crime, the court noting that until he does so his deposition will not be complete. Separate orders consistent with the memorandum will be issued with respect to each motion and cross motion, including a denial of plaintiff’s motion seeking to restrain defendants from offering, at the trial of this action, evidence of any prior criminal convictions of plaintiff.