An order will be prepared accordingly.

**Samuel NAKASIAN, Plaintiff,**

v.

**INCONTRADE, INC. and Fairfield County Company Limited, its wholly-owned subsidiary, Defendants.**

**No. 75 Civ. 5050.**

United States District Court, S. D. New York.

March 6, 1978.

---

Footnote:

Rosner Rosner & McEvoy, New York City, for plaintiff; Jonathan L. Rosner, New York City, of counsel.

Coudert Brothers, New York City, Fain, Konover, Fraulo, Forstadt & Grushkin, P. C., Stamford, Conn., for defendants; Mark D. Lebow, Victor C. Murphy, New York City, of counsel.

LASKER, District Judge.

Samuel Nakasian moves to disqualify the law firms of Coudert Brothers and Fain, Konover [1] from representing the defendants at the trial of this action. Nakasian proposes to call members of both firms as witnesses on his behalf and argues that the firms are therefore required by the Code of Professional Responsibility to withdraw as counsel for the defendants. For the following reasons, the motion is denied.

## I.

### *Disqualification of Coudert Brothers*

■ The complaint alleges, *inter alia*, that Incontrade has violated a stock sale agreement it entered into with Nakasian. At the time the agreement was signed, Nakasian was acting as an attorney for Incontrade. Incontrade asserts as an affirmative defense that the agreement is not binding because it was secured by Nakasian through economic duress, undue influence and conduct which was "inconsistent and at variance with professional standards." (Answer, ¶ 32)

Nakasian argues that, because the pleadings place his character in issue, he is entitled to call as witnesses certain members of Coudert Brothers, with which he was affili-

---

1. The full name of the firm is Fain, Konover, Fraulo, Forstadt & Grushkin.

ated at the time the agreement was signed, to testify to his good character. Coudert answers that the affirmative defenses merely allege that Nakasian acted improperly in one specific instance and therefore general character testimony is inadmissible under New York law and the Federal Rules of Evidence.

■ We agree with Coudert that the testimony which Nakasian proposes to elicit from these witnesses is inadmissible on the facts of this case. Rule 404 of the Federal Rules, 28 U.S.C. § 404, provides that:

> "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion . . . ."

The exceptions to this rule in civil cases are confined to situations in which the credibility of a witness is called into question or where character is directly in issue. *2 Weinstein's Evidence*, ¶ 404[03] (1975). Nakasian contends this is the case here. However, character is in issue under New York law or the Federal Rules only when it is a "material, consequential fact which under the substantive law determines the rights and liabilities of the parties." Weinstein, *supra*, at 404–18. Representative instances include chastity under a statute making chastity an element of the crime of seduction, or the competency of a driver in an action for negligent entrustment of a vehicle to a careless driver. See Advisory Committee Notes to Rule 404.

Here, despite Nakasian's contention to the contrary, his character is not in issue. Whether Nakasian enjoyed high regard generally as a lawyer or otherwise is at best of peripheral probative value, and is in no sense a defense, to a charge of duress in the making of a particular contract. Wigmore states that

> "[W]here the issue is whether a contract was made or broken . . . there is no moral quality in the act alleged, or at any rate any moral quality that may have

been present is ignored by the law; and moral character can therefore throw no light on the probability of doing or not doing." 1 Wigmore, *Evidence* § 64 (3d ed. 1940)

A treatise on New York state law, relied on by Nakasian, reaches the same conclusion:

> "Evidence of the good or bad character of a party to a civil action is generally not admissible when offered as a basis for inferring conduct; a restriction applied even when the act alleged involves moral turpitude, is fraudulent or legally criminal." Fisch, *New York Evidence* § 173 (2d ed. 1977) (footnotes omitted)

Nor do the cases relied on by Nakasian support his position. In *Stafford v. Morning Journal Ass'n*, 142 N.Y. 598, 37 N.E. 625 (1894), a defamation action, the plaintiff placed her general reputation in issue by alleging in her complaint that she was of "good character and repute." In *Beach v. Richtmyer*, 275 App.Div. 466, 90 N.Y.S.2d 332 (3d Dept. 1949), in which a chauffeur was accused of negligent driving, testimony as to his general reputation was held *in* admissible. The Third Department stated that

> "[T]he courts of this State are committed to the doctrine that evidence of the character or reputation of a party to a civil action, where character is not at issue, is generally irrelevant and inadmissible . . . ." 90 N.Y.S.2d 332, 335.

In *Goberman v. McNamara*, 76 Misc.2d 791, 352 N.Y.S.2d 369 (Sup.Ct. Nassau Co. 1974), character testimony was allowed for the purpose of impeaching the credibility of the plaintiff.

The only effect of general character testimony in this case would be to suggest to the trier of fact how Nakasian acted in this particular instance, which is precisely the effect which Rule 404 is intended to preclude. Since the proposed testimony of the Coudert witnesses would be inadmissible at trial, the motion to disqualify Coudert Brothers as trial counsel is denied.[2]

---

2. Because the testimony of the members of Coudert is inadmissible, it is unnecessary to

reach the question whether the Code would be violated if the testimony were presented and

## II.

*Disqualification of Fain, Konover*

Nakasian also proposes to call a member of Fain, Konover, general counsel to Incontrade, to testify at trial as to some six factual areas. (Rosner Affidavit of December 21, 1977, at ¶ 5) He relies on the following disciplinary rule as a ground for disqualifying the firm:

"DR 5–102 Withdrawal as Counsel When the Lawyer Becomes a Witness . . .

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client." (footnote omitted)[3]

■ It is clear from the language of the rule that the harm which it seeks to avert is prejudice to the testifying lawyer's client, in this case Incontrade. Incontrade, however, states that none of the six areas of testimony is prejudicial to it and, indeed, does not contest any of the facts which Nakasian seeks to elicit from the witness. (Lebow Affidavit of January 18, 1978, at ¶ ¶ 22–29) The ethical considerations accompanying the rule state that:

"It is not objectionable for a lawyer who is a potential witness to be an advocate if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue." EC 5–10 (footnote omitted)

Since Incontrade is willing to stipulate to the facts in question, the need for live testimony can be avoided altogether. However, even if the witness is examined, there is no reason to apply the rule here where Incontrade does not dispute the facts in question or consents to the testimony. Accordingly, the motion to disqualify as to Fain, Konover is also denied.

It is so ordered.

---

Coudert continued as trial counsel. However, we note that in *J. P. Foley, Inc. v. Vanderbilt*, 523 F.2d 1357 (2d Cir. 1975), relied on by Nakasian, both the opinion of the court and Judge Gurfein's concurrence, in particular, emphasized that the Code should not be applied blindly but in a reasoned manner which would take into account such a factor as the prejudice to the client whose attorney would be required to withdraw.

Here, Coudert argues that requiring its withdrawal, less than two months before trial, and following more than two years of pre-trial discovery which has resulted in over 700 pages of deposition testimony and more than a truckload of documents would certainly prejudice Incontrade. This argument cannot be disregarded.

**3.** By its own terms the disciplinary rule, which applies only to lawyers employed in "contemplated or pending litigation" does not appear applicable to Fain, Konover which is not acting as trial counsel in this case. This interpretation is supported by the language of the ethical considerations accompanying Canon 5, which deal specifically with the problem of a lawyer who is at once witness and advocate. See EC 5–9 and 5–10. An "advocate," both in the language of the profession and as defined in Webster's 3rd New International Dictionary (1961), refers to a lawyer who argues a case before a tribunal. Accordingly, it is to be doubted that Fain, Konover is encompassed within the prohibition of the rule.