*745 OPINION OF THE COURT
Nicholas L. Pitaro, J.
In this proceeding, the respondent, having been charged with child abuse, moves for an order, prohibiting the petitioner from using, during the cross-examination of the respondent, the information contained in allegation No. 1 in the petition, on the ground that it should be barred pursuant to People v Sandoval (34 NY2d 371).
Allegation No. 1 in the petition states: "Respondent Edgar O has a long history of violent behavior and he spent 1942-1955 in Matteawan State Hospital for the criminally insane after killing an Army Lieutenant.”
It is the contention of the respondent that this information is neither material nor relevant to the instant proceeding due to the remoteness of the prior commitment and the dissimilar nature of the past and present charges, criteria which are set forth in Sandoval (supra). The respondent also alleges, as required by Sandoval, that the unjust prejudice which would result from the use of this information on cross-examination far outweighs the probative worth of the evidence on the issue of credibility. It is also alleged by the respondent that the use of this evidence would deny his right to a fair trial as his concern over the impact of the impeachment testimony would materially affect his decision to testify.
This court finds that it is unnecessary to decide the merits of the contentions advanced by the respondent, as the holding in Sandoval (supra), providing for a prospective ruling as to the permissible scope of cross-examination concerning prior criminal and immoral acts in a criminal prosecution is inapplicable to proceedings brought pursuant to article 10 of the Family Court Act.
Section 1046 of the Family Court Act governs evidence in a child abuse proceeding. This section does not however make reference to the cross-examination impeachment of a respondent. Thus this court must look to subdivision (a) of section 165 of the Family Court Act which states "Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.”
The courts have found that child abuse proceedings are civil *746 in nature. (Matter of Gigi B., 71 Misc 2d 176; Matter of Diana A., 65 Misc 2d 1034.) Thus, the relevant statute under the CPLR would apply to article 10 proceedings, if the court finds that it is appropriate.
With regard to impeaching a witness by the use of a prior conviction, CPLR 4513 states: "A person who has been convicted of a crime is a competent witness; but the conviction may be proved, for the purpose of affecting the weight of his testimony, either by cross-examination, upon which he shall be required to answer any relevant question or by the record. The party cross-examining is not concluded by such person’s answer.”
This court finds that CPLR 4513 which permits the introduction of prior crimes is appropriate for use in an article 10 proceeding. The issue is whether the Sandoval exception to impeachment by proof of prior convictions in criminal prosecutions is also applicable to civil proceedings, and would permit the Trial Judge in a civil proceeding to use his discretion to exclude prejudicial impeachment evidence.
This issue was raised and thoroughly analyzed in Guarisco v E. J. Milk Farms (90 Misc 2d 81). The court stated (p 82) that "despite the trial court’s general discretionary power to exclude evidence which is more prejudicial than probative [citations omitted], this power in a civil action is limited by [CPLR 4513].” The court in Guarisco (supra, pp 82, 84) held that CPLR 4513 "does not give the court discretion”, and concludes that "the Sandoval principle is not applicable to civil actions.” The court based this conclusion on the fact that defendants in criminal proceedings face unique problems, such as the possibility of the loss of their freedom, which are not faced by defendants in civil proceedings. Also see Matter of Ruth "S” v George "S'” (63 Misc 2d 1, 12), in which the court stated "due process to parents in civil cases not involving incarceration * * * does not require special protective barriers peculiar to the shielding of criminally prosecuted defendants”. (See, also, People v Duffy, 44 AD2d 298, 306, n 3.) Similarly, in a child abuse proceeding, where the dispositional alternatives do not include any deprivation of liberty of the respondent, the special rules applicable to criminal procedure are not required.
Accordingly, it is the opinion of this court that CPLR 4513 is appropriate in an article 10 proceeding, that the respondent may be impeached on cross-examination by proof of a prior *747 conviction, and that the discretion afforded to the Trial Judge in a criminal proceeding by Sandoval is not available to the Trial Judge in a child abuse proceeding. The motion is therefore, denied.