OPINION OF THE COURT
Vincent R. Balletta, J.
This motion by defendant Myrna Green for an order granting leave to reargue and renew is determined as follows:
On April 9,1981, Myrna Green, one of the defendants in this action, appeared at Special Term, Part II, of this court, for examination before trial scheduled by court order. The plaintiff sought rulings from the Judge sitting in Special Term, Part II; the defendant refused to appear before me to obtain such rulings. When the plaintiff came before me on that date for those rulings, the defendant left the courthouse. The defendant was held in default by me for failing to continue with the examination and refusing to submit to rulings.
A motion was made by the plaintiff for an order striking the answer and counterclaim of the defendant pursuant to CPLR 3126, or in the alternative, an order pursuant to CPLR 3104 appointing a Justice of this court or Referee to supervise the taking of depositions. The motion came on before Justice Steven B. Derounian on June 24, 1981. The defendant opposed the motion, basically taking the position that there was no authority for me to declare the defendant in default, but that argument was rejected by Justice Derounian, who indicated as follows: “It should be *693 noted that defendant’s counsel was held to be in default of a Court ordered deposition”.
Thereupon, a fine of $250 was levied against the defendant, and a Referee was appointed to supervise the taking of the depositions pursuant to CPLR 3104.
The defendant, by order to show cause, seeks “reargument and renewal or reconsideration de novo of the plaintiff’s motion to strike the defendant’s answer”. Justice Derounian retired from the Bench on August 1,1981, and the matter has been referred to me for determination as the Justice who originally held the defendant in default.
At the outset, it should be pointed out that the attorneys in this case demonstrate a very bitter and vicious attitude toward each other. They appear to have transposed their clients’ claims into personal matters affecting themselves. This attitude on the part of both attorneys will obviously create problems at every stage of the litigation.
The affidavits in support of and in opposition to this motion to reargue seek to place blame on each other for the original delays in the examination and raise questions as to whether this was a “court-ordered” examination or a “court-scheduled” examination, a distinction unrecognized in the law. Without regard to which party may have been at fault as to the original delays in the conduct of the examination, it is a fact that an application was made to the court so that the court could schedule a date for examination before trial. The defendant’s contention that scheduling a date for examination before trial by court order differs from a court-ordered examination before trial is tenuous at best and without justification. Whether the application was to schedule a date or to order an examination before trial, the result is the same. The parties were having great difficulty in arranging for a date convenient to all sides. Whether that difficulty in arranging such a date was because one or more of the parties sought to avoid the examination, or merely because of convenience, is of no great moment. The aid of the court was sought, resulting in an order of this court that an examination before trial be held on a specific date. I therefore hold that there was a court-ordered examination.
*694 The defendant then takes the position that the court-ordered date was adjourned and that under those circumstances, the adjourned date was no longer a court-ordered date. The court cannot subscribe to this position because it would require the parties to come back to the court for an amended court-ordered date if they could not agree that another date could be binding upon them. Under any circumstances (either by signed stipulation or agreement), the parties agreed that the court-ordered date should be adjourned, and it must now be considered that their appearance for examination before trial is tantamount to an agreement between the parties that the court-ordered examination be adjourned. This fact can certainly be confirmed by the fact that the parties appeared in Special Term, Part II, for the examination.
This examination was not held in a law office, but rather, pursuant to order, in a Special Term of this court. The fact that there are examination before trial rooms provided by the court in the lower level of the building does not change the fact that from a technical point of view, the examinations at a Special Term of the court are being conducted under the general supervision of the Justice presiding in Special Term, Part II. If that were not the case, it would be pointless and meaningless to order the examination in a Special Term of the court rather than in an attorney’s office. The court is well aware of the case of Cohen v Heine & Co. (39 AD2d 563), which holds that a party cannot be required to submit to rulings on questions asked at oral depositions. However, a careful reading of Cohen does not disclose whether the examinations were being held pursuant to court order or whether in fact the examinations were being held at Special Term, Part II, of this court. In the instant case, as indicated above, the examinations were being held at Special Term, Part II, under the direct supervisory control of the Justice presiding at Special Term, Part II, and under such circumstances it was inappropriate for one party to unilaterally terminate the examination and refuse to appear before the Justice supervising the examination.
This court is convinced therefore that the defendant’s counsel was properly held in default. It would be inappro *695 priate, however, to levy a $250 personal fine against him due to the fact that there is a paucity of cases on the subject and the authority of the Justice presiding at Special Term, Part II, in connection with court-ordered examinations has not been completely and clearly defined.
With respect to so much of the motion as addresses itself to Justice Derounian’s appointment of a Referee, said appointment was a proper exercise of judicial discretion under CPLR 3104. It is clear from an examination of the papers submitted in connection with this motion and the history of this entire proceeding, that such an appointment is essential to insure the proper and orderly completion of pretrial discovery. It is apparent that the attorneys for both sides have been unable to communicate with each other on a meaningful basis and are further unable or unwilling to extend to each other the courtesies necessary to enable all appropriate discovery to be completed without the active intervention of the court. (3A Weinstein-KornMiller, NY Civ Prac, par 3104.04.)
Accordingly, the defendant’s motion for reargument and renewal is granted and upon reargument and renewal, the initial determination of this court and Justice Derounian are adhered to, except that the $250 fine levied by Justice Derounian against defendant’s counsel is hereby vacated. In all other respects, the prior order of Justice Derounian is ratified and confirmed.