■ DORIS G. SCHULMAN, as Executrix of N. JEROME SCHULMAN, Deceased, Respondent-Appellant, v SELIG B. NEUBARDT et al., Appellants-Respondents. — In an action to recover damages for breach of contract and for an accounting, the cross appeals are from a judgment of the Supreme Court, Westchester County (Walsh, J.), dated May 20, 1981, which awarded plaintiff the principal amounts of $19,948.61 against both defendants, and $6,333.31 against defendant Ullman on the accounting cause of action, after a nonjury trial. Judgment modified, on the law, by (1) increasing the amount awarded plaintiff in the first decretal paragraph thereof by the principal amount of $1,064.91 and (2) deleting the second decretal paragraph thereof. As so modified, judgment affirmed, without costs or disbursements. Plaintiff objected to checks drawn by defendants in 1972 in the total amount of $2,839.75, claiming this amount was improperly allocated to partnership expenses. Defendants had the burden of proving that these checks were debited from their personal drawing accounts (cf. *Vernon Metal & Produce Co. v Joseph & Bros. Co.,* 241 NY 544, 545). Their failure to sustain this burden mandates that the amount be added to the net partnership income for the period, and that plaintiff receive her share (37.5%). Plaintiff also claims entitlement to $12,333.33 from defendant Ullman as a

result of an alleged separate agreement described as a "salary continuation plan" between Ullman and plaintiff's decedent. The trial court awarded plaintiff $6,333.31, although she had failed to allege any amount due on this claim in her exceptions to defendants' accounting. Such exceptions constitute a pleading similar to an answer, and serve the function of defining the issues and limiting the relief. Plaintiff's failure to allege this separate agreement in her exceptions precludes her from a recovery based upon it (see *Matter of Schaich,* 55 AD2d 914, 915, mot for lv to app den 42 NY2d 802). Gulotta, J. P., Thompson, Brown and Niehoff, JJ., concur.