■ RUAL PRINTING & STATIONERY CORP. et al., Appellants, v CITY OF NEW YORK et al., Respondents. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered on May 5, 1983, and orders of said court (Robert White, J.) both entered on June 2, 1983, unanimously affirmed. Respondents who submitted briefs shall recover of appellants one bill of $75 costs and disbursements of these appeals. Concur — Sullivan, Ross, Carro and Milonas, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I think it should be pointed out that one of the defendants-respondents has made an express waiver of the attorney-client privilege in a brief submitted to this court. Defendant Roger Craig Merritt, appearing *pro se,* in an apparent attempt to expedite resolution of this litigation, personally signed and submitted a brief containing that express waiver. Inasmuch as Special Term has ordered that discovery should continue while the case remained on the Trial Calendar, those items for which a privilege would have existed had there been no waiver should be produced expeditiously.

■ LEONARD SCHAMMEL, Respondent, v MARILYN SCHAMMEL, Appellant. — Order entered June 24, 1983 in Supreme Court, New York County (Hortense Gabel, J.), which denied defendant's motion to strike the action from the calendar, compel plaintiff's answering of interrogatories and to appoint a referee to supervise disclosure, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of directing defendant to answer the questions propounded, and the order is otherwise, affirmed, without costs. While there was no need to strike the action from the Trial Calendar merely because a dispute existed over some questions put to plaintiff, neither should the defendant be precluded from seeking answers which were properly within the scope of discovery available under part B of section 236 of the Domestic Relations Law. (*Schulman v Neubardt,* 87 AD2d 587, 588; *Cohen v Heine & Co.,* 39 AD2d 563; *Roussos v Roussos,* 106 Misc 2d 583.) There was certainly no waiver by defendant of her right to seek answers to her questions (*Cohen v Heine & Co., supra*), and we do not perceive defendant's actions as intending, or even promoting, delay. Concur — Sullivan, J. P., Ross, Carro, Asch and Bloom, JJ.