■ PHYLLIS S. GIONTA, Appellant, v. PAUL J. WHYZMUZIS et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County, entered December 9, 1971, in her favor, upon a jury verdict of $1,250. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been considered. While driving across Throgg's Neck Bridge to her place of employment in a Bronx hospital, plaintiff's car was struck in the rear by that of defendant Paul J. Whyzmuzis. Plaintiff continued on to the hospital, where she received medical attention for pains in the neck and back. Outpatient treatment continued for months thereafter, during which period she was attended by various doctors at the hospital. At the time of trial, defendants admitted liability and the court and jury proceeded to a contested assessment of damages. In its charge to the jury the trial court abandoned the role of arbiter and assumed that of advocate. In so doing it tipped the delicate balance so necessary to the preservation of the requirements of a fair trial. Where a Trial Judge indicates his opinion of the merits of one side of the case, as the Trial Judge did here, a new trial is required in the interests of justice (*Bishin* v. *New York Cent. R. R. Co.*, 20 A D 2d 921; *Bromberg* v. *City of New York*, 25 A D 2d 885). Gulotta, P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.

■ PETER GREGES, Appellant, v. J. M. SANTACROCE et al., Respondents. — In a negligence action to recover damages for personal and property injuries, plaintiff appeals from an order of the Supreme Court, Westchester County, entered May 21, 1973, which denied his motion to remove the action from the City Court of the City of Mount Vernon to the Supreme Court, Westchester County. Order reversed, without costs, motion granted and action removed to the Supreme Court, Westchester County. The interests of justice require the removal of the action to the Supreme Court and the consequent increase of the *ad damnum* clause to the amounts originally demanded. Gulotta, P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.