■ JOAN CONEYS, as Mother and Guardian ad Litem of DEBRA M. CONEYS, an Infant, et al, Appellants, v CITY OF NEW YORK, Respondent, et al, Defendars.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County, entered April 29, 1974, as was in favor of the respondent City of New York, upon a jury verdict. Judgment reversed insofar as appealed from, on the law, and, as between plaintiffs and respondent, action severed and new trial granted, with costs to abide the event. No questions of fact have been considered. The infant plaintiff, who was then six years of age, caught her foot in a hole in the sidewalk of a certain boulevard in Queens, New York, while roller skating, and sustained a fracture of the left leg. The sidewalk was admittedly owned and maintained by the respondent city. At the trial there was testimony by the infant's aunt, who had witnessed the occurrence, that she had gone to the child's assistance after the fall and had to pull her skate from the broken concrete. The witness also testified that the obstruction in the sidewalk had existed for a year or two prior to the accident and that the hole was about three inches deep, a foot and a half to two feet long and about five or six inches wide. The infant's uncle essentially corroborated his wife's testimony. The gravamen of plaintiffs' appeal concerns the prejudicial nature of the court's charge, which was frequently interrupted by plaintiffs' attorney, who took timely exception to many of the statements made therein. Repeated allusions in the charge to the possible financial ruin of the city if it were required to repair every crack in its sidewalks or to respond in damages in

every case in which an injury was sustained, may have unduly diverted the jury from a just determination. Moreover, the trial court's comment that a photograph of the defect tended to exaggerate the condition of the sidewalk and its innuendo that a visit by the plaintiffs' lawyer to the home of the two principal witnesses on the eve of trial to discuss the case was improper tended to discredit plaintiffs' evidence and may have substantially influenced the outcome. If there is even a hint of prejudice on the part of the court in the presence of the jury, reversal is required. This is such a case (see *Lyons v City of New York,* 29 AD2d 923; *Gionta v Whyzmuzis,* 44 AD2d 850). Rabin, Acting P. J., Hopkins, Brennan, Munder and Shapiro, JJ., concur.