■ MYRNA MILLINGTON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Judgment, Supreme Court, New York County, entered July 11, 1975, pursuant to a jury verdict in favor of the plaintiff, unanimously reversed, on the law and the facts, and a new trial directed before a different Justice, with $60 costs and disbursements of this appeal to abide the event. This, the second trial of this negligence action, has resulted in a judgment of $602,998. The action arose when the plaintiff was struck and permanently crippled by the defendant's train. There has been no appeal from the amount of the verdict. Since the evidence of liability presented a question for the jury, it is regrettable that a third trial has been made necessary by plaintiff having gained unwarranted favor from erroneous rulings on the evidence, the prejudice expressed by the court and its improper charge. The court denied admission of the defendant's evidence that an eyewitness, Bentley, was to have testified at the first trial but that the plaintiff's representatives had persuaded him to stay away; that on the second trial the plaintiff's representatives had paid him money and bought him an airline ticket with the request that he not appear. Admittedly collateral, such evidence is nonetheless competent for the jury's consideration in weighing the plaintiff's case *(Nowack v Metropolitan St. Ry. Co.,* 166 NY 433; *Lacs v Everard's Breweries,* 170 NY 444). The plaintiff's father was allowed to testify to conversations he had after the accident with two eyewitnesses and to relay to the jury their then versions of the event. This was hearsay and inadmissible to impeach the testimony of the eyewitnesses because they had not yet testified. The plaintiff testified that when she was on the tracks she saw the train a city block away, about 200 feet. The defense was not permitted to show that on the first trial she had estimated the distance to be to the far row of seats in the courtroom which she had estimated to be 150 feet but which was actually 40 feet. This evidence should have been admitted (CPLR 4514; *Mindlin v Dorfman,* 197 App Div 770). The first three lines of a report submitted by the motorman to the defendant favored the plaintiff's case and the remainder favored the contentions of the defendant. During cross-examination of the motorman, the court allowed the plaintiff's introduction of the first three lines into evidence, but it rejected the defendant's offer of the balance, although it would have been admissible as tending to disprove any recent fabrication *(Hayes v City of New York,* 23 AD2d 832). Admission of the entire report just prior to the summations could not offset the impression made when the first three lines had been implanted in the jury's mind out of context. While the court could

have been justifiably annoyed by the disputatious conduct of the defendant's attorney, we cannot excuse the aversion it expressed out of the presence of the jury, "I'm going to get him, I'm going to set him up, I know how to do it, I'm a very tricky guy". Worse yet, this animus found outlet on occasions before the jury: threats to hold counsel in contempt; of being "arrogant"; "Isn't it a fact that you have suborned perjury". This attitude prejudiced the defendant, most telling in the time granted for summations. Each attorney was directed to limit himself to an hour and a half. The defendant's attorney, speaking first, complied. The plaintiff's counsel was then given 2 hours and 20 minutes that afternoon and an additional 2 hours and 20 minutes the next morning. Error, if not bias, was then shown when the court in its charge never told the jury that it was the defendant's contention that the plaintiff had jumped in front of the train. Going even further, it told the jury that the plaintiff's statement contained in her hospital records that she had jumped "is not proof of the facts", when, properly, if the jury believed that the plaintiff had so stated, it would be evidence that it was true *(Gangi v Fradus,* 227 NY 452, 456). "If there is even a hint of prejudice on the part of the court in the presence of the jury, reversal is required" *(Coneys v City of New York,* 48 AD2d 651, 652). Concur—Stevens, P. J., Markewich, Lane and Lynch, JJ.; Nunez, J., concurs in the following memorandum: While the jury's finding of liability is fully supported by the record, I must concur in the reversal and remand for a new trial because the Transit Authority was deprived of a fair trial by the court's prejudicial conduct and statements. As we have previously stated in this case (44 AD2d 542), the crucial question was how the plaintiff reached the tracks. Although the rulings during the long trial and the court's charge were not error free (they seldom, if ever, are), in my view, the simple liability issue was properly submitted and understood by the jury. Except for the court's conduct and expressed bias, I would consider the errors nonprejudicial. Many years have now elapsed since this young lady plaintiff suffered the amputation of both legs in this tragic accident; and although two juries have found that the accident was due solely to defendant's negligence, the plaintiff has been denied recovery and now faces a third trial. Let us hope it will be the last.