■ PHILIP MENDEZ, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent.—Judgment, Supreme Court, Bronx County, in favor of defendant, entered March 8, 1976, after jury trial, reversed, on the law, vacated and a new trial directed, with $60 costs and disbursements of this appeal to abide the event. Plaintiff was a bus passenger, who claimed that he was injured when the bus on which he traveled, operated at an excessive rate of speed, failed to negotiate a curve properly so that his elbow, which had been resting on a window sill, was ejected and caused to come into contact with a pillar of an elevated railroad structure. The case was hotly contested, different witnesses giving differing versions of the occurrence. We sustain plaintiff's claim that he did not receive a fair trial because of errors in the charge, as well as rulings on the evidence, no one of which alone is sufficient for reversal but which in totality require us to remand the case. Ticking these off seriatim, we find the court to have been in error in refusing to admit a prior inconsistent statement of the witness Black, while insisting that the whole go into evidence *(Millington v New York City Tr. Auth.,* 54 AD2d 649); and in admitting the prior consistent statement of witness Archer when his evidence was not attacked as a recent fabrication but only as contradicted by the other statement *(Crawford v Nilan,* 289 NY 444), and later charging that the improperly admitted statement was evidence in chief. The court never charged plaintiff's theory of excessive speed but instead charged that "sudden stops, lurches and jerks * * * are not sufficient proof of negligence," and that estimates of speed were only guesses. The total effect was virtually to charge plaintiff out of court. Throughout the trial the court consistently rehabilitated defendant's witnesses by redirect after cross-examination, and in other ways belittled plaintiff's counsel and his case. "If there is even a hint of prejudice on the part of the court in the presence of the jury, reversal is required." *(Coneys v City of New York,* 48 AD2d 651, 652.) Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.; Silverman, J., dissents in the following memorandum: I would affirm. Taken in perspective, such errors as there were harmless. I think the jury simply did not accept plaintiff's version as to how the accident happened.