■ LOUISE BLAIR et al., Appellants, v MARTIN'S, Respondent. (And a Third-Party Action.) — In a products liability action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, dated February 8, 1980, which is in favor of the defendant, after a jury trial limited to the issue of liability. Judgment affirmed, without costs or disbursements. The trial court erred in allowing the introduction by defendant of plaintiff Louise Blair's (hereinafter plaintiff) hospital record without laying a proper foundation by eliciting testimony from someone with knowledge of the hospital's record-keeping procedures that such record was made in the regular course of hospital business, that it was the regular business of the hospital to make such record, and that the record was made at or soon after the information was obtained (see CPLR 4518, subd [a]; *Matter of Leon RR,* 48 NY2d 117, 122). Given this clear error, we need not decide whether the information sought to be introduced was germane to treatment (see *Williams v Alexander,* 309 NY 283) and whether plaintiff's statement, thus recorded, is admissible as an admission against interest (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 4518.12). Notwithstanding this error, we are constrained to affirm on the ground that plaintiffs never established a prima facie case. Plaintiff had purchased a pair of plastic boots for under $10 from defendant which proved defective, exchanged them for a similar pair which she wore for months, had new "lifts" installed by her local shoemaker, and wore them for several more months. She established that as she was descending the subway steps without holding the railing, she fell, and upon getting up, found the heel had separated from one of her boots. She then continued on her errands, passing by defendant's store. She finally sought medical treatment several hours later. At the trial she offered no expert testimony as to the cause of the accident. Given these facts, we believe plaintiffs failed to establish, beyond the barest conclusory allegation, that the accident was caused by a defect present in the boots at the time plaintiff purchased them and not by a defect caused as a result of alteration by her shoemaker (who was unavailable to testify at the trial) or by the boots simply having worn out. Hopkins, J. P., Titone, Mangano and Gibbons, JJ., concur.