■ MICHELE PASQUARELLA, Respondent, v ROBERT F. WAGNER, Appellant. — Judgment unanimously reversed, without costs, on the law and as a matter of discretion, and a new trial granted. Memorandum: In charging the jury in this dental malpractice case, the court misstated the testimony of defendant's experts and delivered a charge which was tantamount to a directed verdict. Although there was ample testimony that injury to plaintiff's lingual nerve could have occurred in the absence of negligence, the court repeatedly made statements to the effect that all of the doctors said that if the surgery was performed correctly, no injury could occur. The trial court's negative review of the testimony of the defense expert, to the

effect that there was "nothing definitive" in his testimony and that he wasn't quite sure what he was saying, must have conveyed to the jury the opinion of the court that the doctor's testimony was not entitled to great weight. Additionally, the court unfairly characterized defendant's case as one principally involving an issue of credibility with respect to whether plaintiff had informed defendant of her condition immediately following the surgery. Although there was, as in most cases, an issue of credibility, the court placed undue emphasis on it and diverted attention from the principal defense theory set forth by defendant's experts. Finally, the court charged: "A conclusion one must reach then is, or the inference one may reach, if this is not an accepted risk, injury to the lingual nerve during this kind of surgery, then if it did, indeed, occur during surgery, then based on what all the doctors said, the jury may infer that it happened because the surgery was not performed according to accepted standards. And, this would be negligence. And since it is not expected, if the operation is performed according to — I'm sorry. I would read that over again, with your indulgence. The conclusion one must reach then, if this is not an accepted risk then, if it did, indeed, occur during surgery and since it is not expected, if the surgery was performed according to accepted standards, that based on what all the doctors said, the jury may infer that it happened because the surgery was not performed according to accepted standards. And this would be negligence."

That charge was clearly incorrect and ignored the testimony of defendant's experts that such injury can occur in the absence of negligence. "Suffice it to say that the cumulative effect of these and other errors 'tipped the delicate balance so necessary to the preservation of the requirements of a fair trial' and precluded the jury from reaching an objective and impartial verdict (*Gionta v Whyzmuzis,* 44 AD2d 850; see *Coneys v City of New York,* 48 AD2d 651; see, generally, 4 Weinstein-Korn-Miller, NY Civ Prac, pars 4404:15, 4404:17). A new trial is therefore required" (*Theodoropoulos v New York City Health & Hosps. Corp.,* 90 AD2d 792). (Appeal from judgment of Supreme Court, Erie County, Sedita, J. — malpractice.) Present — Hancock, Jr., J. P., Doerr, Denman and O'Donnell, JJ.