■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MICHAEL KENNEDY, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered September 6, 1983, convicting him of conspiracy in the fourth degree and criminal usury in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

Defendant was tried upon charges of conspiracy in the fourth degree, criminal usury in the second degree (two counts) and criminal possession of a controlled substance in the fourth degree. He was convicted upon all charges except the last one. The theory of the prosecution essentially was that defendant was the silent partner of a usurer, i.e., he remitted money to another who, in turn, made usurious loans. Two of the more incriminating pieces of evidence were pocket diaries for the years 1981 and 1982, which had been seized pursuant to a search warrant from bureaus in the alleged coconspirator's bedroom. During testimony of a prosecution witness, who was recognized by the court as an expert on the "business" of criminal usury and in the interpretation of usury records, the two diaries were admitted into evidence, over objection, as business records.

We agree with defendant that the prosecution failed to lay a sufficient foundation for their introduction into evidence. CPLR 4518 (a), made applicable to criminal trials through CPL 60.10, provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility. The term business includes a business, profession, occupation and calling of every kind."

In the instant case, the testimony of the expert witness indicated that it was in the regular course of business for a usurer to maintain records and that, in his opinion, the diaries were the types of records ordinarily kept in the course of business of a usurer. The expert's testimony was thus confined to his experience with usurers in general. The People failed to provide testimony from someone with knowledge of

the particular usurer's record-keeping procedures that these diaries were made in the regular course of the usury business, that it was in the regular course of his business to make such records and that the notations were made at or soon after the purported transactions occurred. Indeed, on this last requirement, the expert witness testified that in the usury business, entries are not always recorded at or about the time of the transaction; some authors partially predate entries. Accordingly, the People failed to lay a proper foundation for the entry of the diaries as business records (see, Blair v Martin's, 78 AD2d 895; Sabatino v Turf House, 76 AD2d 945) and the judgment must therefore be reversed.

Defendant's remaining arguments on appeal lack merit. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.