◼ ROBERT ESPRIEL, Appellant, v NEW YORK DOWNTOWN HOSPITAL, Respondent. [748 NYS2d 11] —Judgment, Supreme Court, New York County (Louis York, J.), entered July 11, 2001, upon a jury verdict, in defendant's favor, unanimously affirmed, without costs.

Plaintiff testified that on a snowy day he sustained injury when, shortly after entering defendant hospital, he slipped and

fell on a wet area of the hospital's lobby floor. However, the trial evidence, fairly considered, supports the verdict in defendant's favor given the paucity of evidence that defendant had notice, actual or constructive, of the alleged hazard (*see Nicastro v Park*, 113 AD2d 129, 134; *and see Piacquadio v Recine Realty Corp.*, 84 NY2d 967). Plaintiff's claims of error in the conduct of the trial are uniformly unavailing. Evidence of plaintiff's postaccident conversation with a witness security guard, in which plaintiff reportedly attempted to bribe the security guard in exchange for testimony more favorable to his case, was properly admitted, for, although collateral, the evidence was "nonetheless competent for the jury's consideration in weighing the plaintiff's case" (*Millington v New York City Tr. Auth.*, 54 AD2d 649, 649). Plaintiff's appellate contention that a witness statement written by the security guard should have been admitted is unpreserved for our review and we decline to reach it (*see* CPLR 4017, 5501 [a] [3]; *Mashley v Kerr*, 47 NY2d 892). We note, in any event, that plaintiff failed to lay the requisite foundation for the statement's receipt (*see* CPLR 4518 [a]; *Blair v Martin's*, 78 AD2d 895). Contrary to plaintiff's contention, the trial court properly allowed testimony by defendant's assistant director of risk management, based on computer-generated reports, to the effect that there had been no slip and fall incidents in the lobby in question prior to plaintiff's accident. This testimony was relevant to show that the hospital was not, at least constructively, aware of a hazard warranting precautionary measures such as those advocated by plaintiff's expert (*see Zuppardo v State of New York*, 186 AD2d 561). Nor would the assistant director's testimony as to the contents of the computer reports have been properly excluded as hearsay, since the reports at issue were admissible under the business records exception to the hearsay rule (*see* CPLR 4518 [a]). Although plaintiff maintains that the court refused to charge the theory of liability advanced by him at trial, the charge, read as a whole, appropriately conveyed the applicable legal principles and applied them to the facts adduced in view of the issues raised (*see Kalish v Krieger*, 42 AD2d 955, *affd* 35 NY2d 864). Finally, the court properly granted defendant a missing witness charge with respect to plaintiff's failure to call his treating physician. Defendant met its burden to demonstrate that the charge was warranted and plaintiff in response failed to meet his consequent burden to show that the witness was unavailable, not under his control or that the witness's testimony would be cumulative (*see Price v City of New York*, 258 AD2d 635, 636). Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.