■ JAY H. SCHAFRANN, Respondent, v N.V. FAMKA, INC., Appellant. [787 NYS2d 315]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 18, 2003, awarding plaintiff, after a jury trial, 10% of defendant's interest in 200 Eleventh Associates, including income and capital distributions therefrom, and order, same court and Justice, entered March 20, 2003, which denied defendant's motion for a new trial, unanimously affirmed, with costs.

Defendant sought to avoid the effect of an agreement to transfer the 10% interest by counterclaiming legal malpractice for conflict of interest in the relationship and transactions between plaintiff lawyer and defendant client, and failing to advise

defendant to obtain independent counsel (*see* Code of Professional Responsibility DR 5-101, DR 5-104 [22 NYCRR 1200.20, 1200.23]). The counterclaim was dismissed at trial after the court disqualified defendant's expert.

A new trial in the interest of justice is warranted only if there is evidence that substantial justice has not been done (*Gomez v Park Donuts*, 249 AD2d 266 [1998]). Under the particular circumstances before us, the disqualification of defendant's expert, even if erroneous, did not satisfy this standard.

To prove malpractice, a client must establish, among other things, that the attorney failed to exercise that degree of care, skill and diligence commonly possessed by a member of the legal profession (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [2001]). A conflict of interest, even if a violation of the Code of Professional Responsibility, does not by itself support a legal malpractice cause of action (*see Sumo Container Sta. v Evans, Orr, Pacelli, Norton & Laffan*, 278 AD2d 169, 170 [2000]).

Plaintiff proved, by a fair preponderance of the credible evidence, that defendant had permanently assigned plaintiff 10% of its income and capital distributions from the partnership. In so finding, the jury concluded that plaintiff overcame any presumption of impropriety in the transaction by presenting evidence of lack of fraud, influence or mistake, and also by the fact that the transaction was well understood by the client, and that he had consulted with a disinterested third person. In view of this finding of no misconception, exploitation or execution of the letter without full knowledge of all the material circumstances, defendant's malpractice claim rests solely on an alleged violation of the Disciplinary Rules which, without more, does not support a malpractice claim.

The charge as a whole adequately presented the pertinent legal principles to be applied and the factual issues to be resolved (*see e.g. Espriel v New York Downtown Hosp.*, 298 AD2d 165 [2002]). Even if defendant were correct that the instruction as to the presumption against propriety should have been given with respect to the gift and detrimental reliance claim as well as the assignment claim, reversal would not be warranted because plaintiff would have been entitled to the same recovery had he prevailed on the assignment claim alone. Nor is there any evidence to support defendant's speculative claim that the charge confused the jury. Concur—Buckley, P.J., Sullivan, Nardelli, Williams and Sweeny, JJ.