■ MICHAEL S. KIMM, Appellant, v DAVID CHANG et al., Respondents. [833 NYS2d 429]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered November 22, 2005, dismissing the complaint after trial and awarding defendant Chang the principal sum of $31,600 on his counterclaim, unanimously modified, on the law, the award vacated and the counterclaim dismissed, and otherwise affirmed, without costs. Appeals from the underlying order, same court and Justice, entered September 9, 2005, and from an earlier order, same court (Louis B. York, J.), entered January 28, 2005, to the extent the latter denied plaintiff's motion for partial summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The decision of the factfinder at a nonjury trial should not be disturbed on appeal unless it is obvious that the court's conclusion could not have been reached under any fair interpretation of the evidence, especially when those findings rest in large measure on considerations relating to the credibility of witnesses (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). We perceive no basis to disturb the trial court's determination dismissing plaintiff's complaint.

Nevertheless, defendant Chang did not satisfy his burden of proof on his counterclaim for "malpractice." To prove malpractice, a client must establish, among other things, that the attorney failed to exercise that degree of ordinary and reasonable skill, knowledge, care and diligence commonly possessed by a member of the legal profession (Darby & Darby v VSI Intl., 95 NY2d 308, 313 [2000]; Schafrann v N.V. Famka, Inc., 14 AD3d 363 [2005]). A conflict of interest, even if a violation of the Code of Professional Responsibility, does not by itself support such a cause of action (id.). Concur—Mazzarelli, J.P., Williams, Gonzalez, Catterson and Kavanagh, JJ.