*513 Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 28, 2013, which denied defendants’ motion to dismiss the claims for breach of fiduciary duty, breach of the New York Rules of Professional Conduct, and breach of Judiciary Law § 487 and the claims for punitive damages, and granted the motion as to plaintiffs claim for legal malpractice, unanimously modified, on the law, to grant the motion as to the causes of action for breach of fiduciary duty and breach of the New York Rules of Professional Conduct, and otherwise affirmed, without costs.
Regarding the legal malpractice claim, plaintiff failed to allege that but for defendants’ alleged omissions in their representation in the underlying actions, she would have prevailed in those actions (Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 272 [1st Dept 2004]; Golden v Cascione, Chechanover & Purcigliotti, 286 AD2d 281 [1st Dept 2001]). To the extent that plaintiff alleges damages in the form of fees that she will incur by substitute counsel, she would have incurred such fees whether she was represented by defendants or other counsel. Thus, she cannot allege that defendants, by withdrawing from the underlying actions, proximately caused her to incur those fees. To the extent that substitute counsel might ultimately bill plaintiff for more legal fees than defendants would have, those claims seem too speculative to be ascertainable (see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, 301 AD2d 63, 67 [1st Dept 2002]).
To the extent that plaintiff seeks to allege malpractice based on a violation of the New York Rules of Professional Conduct, such an alleged violation does not, without more, support a malpractice claim (Schafrann v N.V. Famka, Inc., 14 AD3d 363 [1st Dept 2005]; see also Sumo Container Sta. v Evans, Orr, Pacelli, Norton & Laffan, 278 AD2d 169, 170-171 [1st Dept 2000]). Moreover, “[t]he violation of a disciplinary rule does not, without more, generate a cause of action” (Schwartz v Olshan Grundman Frome & Rosenzweig, 302 AD2d 193, 199 [1st Dept 2003]).
Plaintiffs cause of action alleging breach of fiduciary duty is dismissed as duplicative of the legal malpractice cause of action. Contrary to plaintiff’s assertion, the breach of fiduciary duty claim alleged no new facts and sought the same damages as the legal malpractice claim (Cobble Cr. Consulting, Inc. v Sichenzia Ross Friedman Ference LLP, 110 AD3d 550, 551 [1st Dept 2013]; Garnett v Fox, Horan & Camerini, LLP, 82 AD3d 435, 436 [1st Dept 2011]).
*514 The allegations that defendants were fully paid under the terms of the retainer agreement, but falsely represented in court that they sought to be relieved because they had not been paid, suffice to allege that defendants acted with intent to deceive the respective courts (see e.g. Schindler v Issler & Schrage, 262 AD2d 226 [1st Dept 1999], lv dismissed 94 NY2d 791 [1999]). In addition, plaintiff sufficiently alleged a chronic and extreme pattern of legal delinquency by averring that defendants fabricated certain charges, attempted to extract more money than agreed upon in the retainer, and threatened to abandon the matter if plaintiff did not execute an addendum to the retainer, to defendants’ benefit (see e.g. Kinberg v Opinsky, 51 AD3d 548, 549 [1st Dept 2008]). The allegedly false representations in two courts, and the coercive threats to plaintiff in an attempt to elicit additional remuneration are sufficiently egregious to state a claim for punitive damages (see Dobroshi v Bank of Am., N.A., 65 AD3d 882, 884 [1st Dept 2009], lv dismissed 14 NY3d 785 [2010]; Smith v Lightning Bolt Prods., Inc., 861 F2d 363, 372-373 [2d Cir 1988]).
Concur — Acosta, Renwick, Feinman and Clark, JJ.