■ Mary Anne Fletcher, Appellant, v Boies, Schiller & Flexner LLP, et al., Respondents. Ford Models, Inc., Nonparty Respondent. [35 NYS3d 28]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered August 25, 2014, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 26, 2013, which granted nonparty Ford Models, Inc.'s motion to quash a subpoena, and denied plaintiff's cross motion to compel, unanimously dismissed, without costs, as moot.

Plaintiff failed to establish that defendants breached their duty by representing her despite a conflict of interest, in violation of Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24), the conflicts rule in effect at the time. Unlike current Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.7, DR 5-105 did not require that client consent to a conflict be confirmed in writing. An issue of fact exists whether defendants' clients consented orally.

In any event, the violation of a disciplinary rule, without more, is insufficient to support a legal malpractice cause of ac-

tion (*Cohen v Kachroo*, 115 AD3d 512, 513 [1st Dept 2014]). Since plaintiff cannot prove that she suffered damages that were proximately caused by defendants' alleged misconduct, her cause of action must be dismissed (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]).

Nor can plaintiff prove that defendants proximately caused her any injury with respect to her underlying claim for unauthorized use of her image, since that claim was time-barred and had already been released by the time she engaged defendants (*see* CPLR 215 [3]; *Nussenzweig v diCorcia*, 9 NY3d 184 [2007]).

As for her other, potentially meritorious, claims, plaintiff settled those, and offers no evidence that, but for defendants' negligence, the settlement awards would have been higher (*see Fusco v Fauci*, 299 AD2d 263 [1st Dept 2002]).

Indeed, plaintiff failed to demonstrate that she suffered any harm at all as a result of defendants' alleged failings. Although defendants admittedly filed plaintiff's bankruptcy proof of claim one day late, the claim was accepted, and plaintiff received a substantial mediated settlement. Although she complains of defendants' alleged failure to join Elite S.A. as a party in one of the underlying actions, plaintiff nonetheless obtained a substantial settlement from that entity. Although plaintiff objects that she was not named as a class representative in one of the underlying actions, the deadline for adding class representatives had already passed by the time she engaged defendants, and nonetheless she received an incentive award for her active participation in the litigation. Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.