◾ ROSE LICHTRULE, Individually and as Administratrix of the Estate of SAMUEL LICHTRULE, Deceased, Appellant, v. CITY SAVINGS BANK OF BROOKLYN, Respondent.— In a negligence action to recover damages for personal injury, etc., plaintiff appeals from (1) a judgment of the Supreme Court, Kings County, entered January 17, 1966 in favor of defendant upon a jury verdict and (2) an order of said court dated March 29, 1966, which denied her motion to set aside the verdict and to grant a new trial, pursuant to CPLR 4404 (subd. [a]). Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were considered on this appeal. Appeal from order dismissed, as academic, without costs. Plaintiff alleged in her complaint that defendant was negligent in the operation and maintenance of a revolving door at the entrance to defendant's building; and she testified that she sustained her injury when she was struck by the door moving at an excessive rate of speed as she was leaving the premises. A police officer, called by defendant, testified that after the accident he spoke to plaintiff who told him that she had been struck by a man coming out of the building who knocked her to the ground. In rebuttal, she offered to prove that at the time she was admitted to a hospital she told the doctor treating her that she had been struck by a revolving door. This offer of evidence was refused by the trial court. In our opinion, the exclusion of such evidence was erroneous. Proof of declarations of a witness, including a party, made at a time before a motive to falsify exists

may be received in evidence after the testimony of the witness is attacked as a recent fabrication (*Moore* v. *Leventhal*, 303 N. Y. 534; 537; *Ferris* v. *Sterling*, 214 N. Y. 249, 254; *People* v. *Singer*, 300 N. Y. 120, 124). Here, the trial court found that plaintiff, in making the statement to the doctor, was acting in good faith. As the question with respect to the manner in which the accident occurred was a vital issue and the jury inquired of the court as to any statement made by plaintiff at the time of her admission to the hospital, it was vital to the proper presentation of plaintiff's case that the evidence of her statement should have been before the jury. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.