Memorandum. Plaintiff’s ward was struck by defendant’s automobile as she was crossing the middle of a busy, crowded, city street. At trial, defendant produced an eyewitness to the accident who testified that the ward ran off the sidewalk and into the path of defendant’s oncoming vehicle. The plaintiff contends that defendant was improperly permitted to bolster *504 the testimony of this witness by evidence of a prior consistent statement. On cross-examination, plaintiff attempted to impeach the witness by use of a prior statement in which the eyewitness maintained that the ward was "crossing” the street, without indicating the speed of her movement. In response, on redirect, defendant produced another prior statement in which the witness reported that the ward "ran off the curb”. This, of course, was error. The plaintiff had not attempted to assert that the testimony of this witness was a recent fabrication. In the absence of such claim, prior consistent statements are inadmissible. (Crawford v Nilan, 289 NY 444, 450-451; Richardson, Evidence [10th ed], § 519, p 510.) However, in view of the quibbling nature of the "inconsistency” at the heart of the issue, the error does not require reversal. (CPLR 2002.)
The plaintiff also contends that the court erred when it permitted the defendant, over objection, to ask a police officer on redirect examination whether the ward’s actions would have rendered her liable to a summons for jaywalking. As the dissenter at the Appellate Division noted, the rule in this State is that evidence of a conviction for a Vehicle and Traffic Law violation cannot be used to impair the credibility of a witness in a civil suit. (Vehicle and Traffic Law, § 155.) Thus; the plaintiff argues, and the dissenter agreed, that the jury should not have been informed that her conduct was a traffic law violation. This overlooks, however, the questions propounded to the officer on cross-examination by plaintiff’s counsel. In seeking to establish that plaintiff’s actions were not uncommon, the officer was asked whether other persons frequently crossed the street in the middle of the block without being ticketed. In light of this tactic, defendant was entitled to ask the officer whether the ward’s conduct, regardless of whether it was in tune with local custom, was nevertheless a violation of traffic regulations.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.