■ GARY G. CHERICO, Appellant, v CITY OF NEW YORK, Respondent. — Judgment, Supreme Court, Bronx County (Silbowitz, J.) entered March 20, 1981, which after a trial by jury adjudicated the defendant City of New York free of liability in this negligence action, reversed, on the law and the facts, and the matter remanded for a new trial, with costs to abide the event. The plaintiff claimed that he was driving north on the Hutchinson River Parkway in the left-side lane near the median guard rail, when a snowplow-equipped sanitation truck operated by an employee of the defendant city caused an accumulation of ice, snow, sleet or other road debris, or all of them, to fly over the separation and smash the windshield of the plaintiff's automobile, causing him serious and permanent eye injury and a broken nose. There does not seem to be much dispute about the injuries. Moreover, the evidence was all consistent with the parties being in place at the time of the accident, and the only issue is whether the defendant was negligent, and the proximate cause of the injuries. The plaintiff was on his way to his job as a psychiatric aide at a hospital in White Plains. The highway at the point of the accident has three lanes in each direction with a four- or five-foot median guard rail approximately two feet high. At 2:30 P.M., the time of the accident, it had been snowing and raining lightly for several hours and traffic was moderate. The plaintiff's explanation for driving his automobile in the left lane and at only some 30 miles per hour, was that shortly after the Pelham Parkway entrance is the City Island entrance, and that he moved into the left lane in his oft-traveled routine to avoid the entrance traffic. There was testimony by a consulting traffic engineer that the proper method of snow removal with a narrow three- to five-foot median would have been to push the snow and slush off the roadway onto the right shoulder instead of into the center with the possibility that the accumulation could be thrown into the incoming lane, and that the plow either was operated at an excessive speed or the angle of the snow plow blade had been incorrectly set. During summation, defense counsel argued that the plaintiff's contention that the snow plow was responsible may have been a fabrication, and that there could have been some other cause. There being no other evidence to suggest such a contention, the court should have permitted the hospital record in evidence, which would show that when he entered immediately after the accident, the plaintiff stated that the snow plow was responsible. This would have been proper to counter the recent

fabrication contention. The evidence leads to a conclusion that the accident could not have happened except as described by the plaintiff, and the jury's conclusion is against the weight of the evidence, and under no reasonable view of the evidence could there be a finding that the defendant was not negligent. Therefore, a new trial is in order. Concur — Kupferman, J. P., Sullivan and Milonas, JJ.; Markewich, J., concurs in the result only.