■ IVANHOE VERNON, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County (Eve Preminger, J., and a jury), entered on April 21, 1989, which, after a jury trial, found in favor of defendants against plaintiff and dismissed the complaint, unanimously affirmed, without costs.

Plaintiff was severely injured when he dropped onto the tracks approximately 25 feet in front of an oncoming subway train, which had been moving at approximately 10 miles per hour. Plaintiff attempted to convince the jury that he had fallen on the tracks accidentally due to an epileptic seizure, or alternately that, if he had jumped on the tracks in an attempt at suicide, the defendant Transit Authority had sufficient notice of the likelihood that he would do so. The jury, in rendering a verdict for defendants, implicitly rejected these contentions. On appeal, plaintiff does not contend that the jury verdict was against the weight of the evidence.

The plaintiff's record includes eight convictions involving marihuana. Although the Trial Judge initially gave the impression that all eight would be admitted into evidence, this apparently was never her intention. At the conclusion of plaintiff's case, she made it clear that she would allow into evidence only one conviction prior to the accident and two convictions subsequent to the accident. Any of plaintiff's criminal convictions would have been admissible under CPLR 4513, which grants a civil litigant broad authority to use the criminal convictions of an adverse witness to impeach the credibility of that witness (see, e.g., Able Cycle Engines v Allstate Ins. Co., 84 AD2d 140, 142-143, lv denied 57 NY2d 607).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.