■ KENNETH SANSEVERE, Respondent, v UNITED PARCEL SERVICE, INC., Doing Business as UPS, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered June 26, 1990, after jury trial, in favor of plaintiff and against defendant United Parcel Service, in the sum of $333,350.62, reversed, on the law, and the matter remanded for a new trial, without costs.

The trial court committed reversible error by refusing to permit the defense to impeach the credibility of the claimed eyewitness to the accident with his criminal record and by admitting into evidence a police report containing hearsay allegations by the same witness, purportedly identifying the defendant's vehicle as the one which caused the accident.

The plaintiff instituted this action for personal injuries allegedly sustained in an automobile accident on May 19, 1987. At trial, the plaintiff testified that as he was travelling in his cab on West Street on that date, he looked in his rearview mirror and saw a large, dark brown truck just behind him. The truck then crashed into the rear of his cab. As the plaintiff's cab was spinning from the impact, the plaintiff "caught a glimpse" of the truck as it headed off in a northerly direction. The plaintiff was able to observe that the truck had a grayish-silver trailer and a brown wind faring on the roof of its cab. He did not see any writing or marks on the cab or trailer of the truck.

The testimony of Jose De LaRosa, at an examination before trial, was then read into the record. The court refused to permit defense counsel to read from the deposition that De LaRosa was deposed in prison. De LaRosa testified that he saw a United Parcel Service ("UPS") truck hit the plaintiff's cab while he was, between 1:00 A.M. and 2:00 A.M., standing across the street with some friends. He could only identify one of the friends, a man named Matthew, whose last name and address he did not know, and whom he had not seen since the date of the accident.

De LaRosa described the vehicle which hit the cab as having a brown tractor with cream-colored UPS letters and the company's insignia. When De LaRosa approached the truck, it drove off. He then waited for the police to arrive. Over defense counsel's objection, the plaintiff was permitted to introduce a police report which contained De LaRosa's statement that a UPS truck struck the plaintiff's cab.

The court granted the plaintiff's motion, in limine, to preclude the defense from introducing De LaRosa's criminal record. The jury found the defendant liable to the plaintiff and awarded damages in the sum of $333,350.62.

The trial court ruled that the defense was precluded from impeaching De LaRosa at trial with evidence of his prior criminal convictions since the defense had not sought to impeach him at his deposition, when he was available to attempt to rehabilitate himself with the facts surrounding those convictions. A further reason given by the court for its ruling was that it was "grossly unfair, because his testimony * * * had nothing to do with his criminal activities in any way". While it is within the sound discretion of the trial court to determine the scope of evidence which may be introduced for impeachment purposes (*Murphy v Estate of Vece,* 173 AD2d 445) and while it might have been preferable to have impeached De LaRosa at his deposition, the course taken by the trial court deprived the defendant of a fair trial.

By refusing to allow the jury to know that De LaRosa, the sole claimed eyewitness to identify the defendant's truck as the offending vehicle in the hit-and-run accident, had an extensive history of criminal convictions (including trespass, prostitution, attempted larceny, and attempted burglary) or even that he was deposed in a penitentiary, or that he was, at the time of trial, serving a three to six year sentence in State prison, the court permitted the jury to believe that there was no reason whatsoever to doubt De LaRosa's veracity.

CPLR 4513 provides: "A person who has been convicted of a crime is a competent witness; but the conviction may be proved, for the purpose of affecting the weight of his testimony, either by cross-examination, upon which he shall be required to answer any relevant question, *or by the record.* The party cross-examining is not concluded by such person's answer" (emphasis supplied).

De LaRosa's credibility was central to the case. A civil litigant is granted "broad authority to use the criminal convictions of an adverse witness to impeach the credibility of that

witness *(see, e.g., Able Cycle Engines v Allstate Ins. Co.,* 84 AD2d 140, 142-143, *lv denied* 57 NY2d 607)" *(Vernon v New York City Health & Hosps. Corp.,* 167 AD2d 252; *Murphy v Estate of Vece, supra; and see, Moore v Leventhal,* 303 NY 534). Moreover, at a trial, "any party may rebut any relevant evidence contained in a deposition, whether introduced by him or by any other party" (CPLR 3117 [d]).

When the deposition was taken De LaRosa was serving a 90 day misdemeanor sentence in the Westchester County penitentiary. Had he still been in Westchester County, his deposition would not have been read in evidence. It was permitted to be read only because he was then confined, as the result of a subsequent conviction, in a prison more than 100 miles distant from New York County, the place of trial. (CPLR 3117 [a] [3] [ii].)

The defendant could not have been expected to anticipate, at the time of deposition, that De LaRosa would later commit and be convicted of a violent felony upon which he was sentenced to three to six years in State Prison. There was thus no way in which the witness could have been asked at his deposition about a conviction for a violent felony which occurred after his deposition and before trial. Since the witness was not produced at the trial, the only way in which the jury could have learned of his full criminal record in order properly to appraise his credibility was for the record of his convictions to be received in evidence. Since the credibility of a witness is always in issue, it was error to preclude the defense from impeaching De LaRosa's credibility with his criminal convictions.

While as the dissent notes, this certified copy of the conviction contained in the record is dated June 26, and the subpoena is dated June 21, there obviously were earlier ones. Plaintiff's counsel, in making his motion in limine, during the plaintiff's direct case states: "Your Honor, at this time, I'd like to make a motion in limine, anticipating counsel, she has requested subpoenaed records, of making some type of introduction with respect to criminal records of the witness".

It was at this point that the Trial Judge ruled that the convictions could not be introduced. Immediately after the ruling, still during plaintiff's case, defense counsel stated: "May we mark for identification the record of convictions, so that I have that". The Judge then permitted the marking of the document.

Of course, whether the document then in the courtroom was

certified or not (a matter of speculation in either event) is immaterial to the issue here presented, since the motion in limine was not made on that ground. Nor was the trial court's ruling in any way concerned with the form or certification of the document, the court having ruled, apparently without having looked at it.

Further error occurred when the court, over defense counsel's objection, received into evidence a police report, prepared by a civilian employee of the Police Department who was not at the scene, containing the statement "[w]itness stated truck was from UPS". Not only was the statement hearsay, it pertained to the ultimate factual issue in the case. The report did not qualify as a business record. The witness was under no business duty to report the accident to the police. Nor did his statement qualify as a declaration against interest or fall under any other exception of the hearsay rule (*Johnson v Lutz,* 253 NY 124; *Casey v Tierno,* 127 AD2d 727; *Quaglio v Tomaselli,* 99 AD2d 487; *Murray v Donlan,* 77 AD2d 337, *appeal dismissed* 52 NY2d 1071). Since the report contained a hearsay statement relevant to the ultimate issue of fact, the admission of the statement contained in the report constituted prejudicial and reversible error (*Casey v Tierno, supra; Quaglio v Tomaselli, supra*). It should further be noted that "[g]enerally, the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial (*see, People v Davis,* 44 NY2d 269, 277; *People v Singer,* 300 NY 120, 124; *Crawford v Nilan,* 289 NY 444, 450-451; *People v Katz,* 209 NY 311, 336-339). The reason, of course, is that an untrustworthy statement is not made more trustworthy by repetition." (*People v McClean,* 69 NY2d 426, 428.) It is far from certain that had the jury known of De LaRosa's extensive criminal record and had his testimony not been bolstered by the admission of the hearsay police report, the outcome of this trial would have been the same. Accordingly, we order a new trial. Concur—Rosenberger, J. P., Ross and Smith, JJ.

Kupferman and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: Granting that it was error to admit into evidence the police complaint report containing the statement, "[w]itness stated truck was from UPS", defendant has nevertheless failed to demonstrate that it sustained prejudice as a result of this ruling. Defendant's Exhibit A, the police complaint follow-up report, states that the offending vehicle was "described as possibly being a United Parcel Truck", and the deposition of Jose De LaRosa, read into evidence (CPLR 3117

[a] [3] [iii]), states unequivocally that he reported as much to the police at the scene. The court, in its instructions to the jury, made it plain that ownership of the truck was the main point of contention between the parties and that plaintiff relied on the testimony of Jose De LaRosa to show that it was owned and operated by defendant. Thus, it would seem that introduction of this evidence was harmless (see, Fishman v Scheuer, 39 NY2d 502) and that the outcome would have been no different had the evidence been excluded (Cotter v Mercedes-Benz Manhattan, 108 AD2d 173, 180).

As to the admissibility of De LaRosa's criminal record, while the conviction of a "witness" may be proved "either by cross-examination * * * or by the record" (CPLR 4513), defendant has failed to demonstrate that this rule is applicable where, as here, the witness is unavailable and his deposition is instead read into the record (CPLR 3117 [a] [3]). The competency of this witness and the admissibility of his testimony are not disputed (CPLR 3115 [d]; 4513). The pertinent rule provides that "any party may rebut any relevant evidence contained in a deposition" (CPLR 3117 [d]) but does not provide that a party may go beyond the material contained in the deposition to attack the credibility of the deponent. Clearly, to permit such an attack under these circumstances would deprive plaintiff of the opportunity to rehabilitate his witness (Derrick v Wallace, 217 NY 520, 525) and deprive the witness of the opportunity to explain the circumstances surrounding his conviction (People v Tait, 234 App Div 433, affd 259 NY 599) or perhaps assert his innocence (Sims v Sims, 75 NY 466), although there is some controversy on this point (compare, People v Tait, supra).

Defendant failed to avail itself of the opportunity to impeach Mr. De LaRosa's credibility during the course of his examination before trial. The examination was conducted at the Westchester Penitentiary, and defendant cannot claim lack of notice of the witness' criminal record which was extensive, dating back to 1981 and including felony and misdemeanor convictions for prostitution, grand larceny, burglary, criminal trespass, possession of burglary tools and possession of stolen property. (Subsequent to the taking of the deposition, he was convicted of armed illegal entry and committed to the Downstate Correctional Facility.) The witness would have been required to answer questions regarding any convictions on the occasion of his deposition (CPLR 4513; Guarisco v E.J. Milk Farms, 90 Misc 2d 81).

Defendant may not, at this late stage in the proceedings,

take advantage of its own omission to deprive opposing counsel of the opportunity to examine a witness regarding an item sought to be introduced into evidence. Defendant cannot dispute that its strategy amounts to unfair surprise when plaintiff would be placed in the untenable position of having no witness present in court to whom to address his questions. Furthermore, while the excerpts from the testimony indicate that a record of convictions was marked for identification, the only certified copy of convictions annexed to the papers filed is dated June 26, 1990. This certified copy was obtained by a so-ordered subpoena dated June 21, 1990—*21 days following the return of the jury verdict.* Finally, defendant does not explain why, upon learning of the criminal record, it failed to request a further deposition to examine the witness on the question of his credibility (CPLR 3102 [d]) by the introduction of the record of convictions.

Accordingly, the judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered June 26, 1990, after jury trial, in favor of plaintiff and against defendant United Parcel Service in the sum of $333,350.62, should be affirmed, without costs.