■ BARBARA J. POMER et al., Appellants, v MILTON T.H. CHEN, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Wood, J.), entered April 30, 1990, which, upon a jury verdict, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiff Barbara Jean Pomer slipped, fell, and injured herself in the defendant's parking lot on the rainy evening of November 26, 1986. At the trial, Pomer testified that the parking lot was uneven and inclined. A defense witness testified that she told him the accident was her own fault. On rebuttal, and in order to re-establish her credibility, her counsel offered into evidence, as a prior consistent statement, a police report ostensibly summarizing statements made by her to the officer responding to the scene immediately following the accident. The trial court refused to admit the report in evidence.

As a general rule, the testimony of an impeached or discredited witness may not be supported or bolstered by proving that he or she has made similar declarations out of court *(see, Crawford v Nilan,* 289 NY 444). There is a well-established exception to the hearsay rule that " ' "where the testimony of a witness is assailed as a recent fabrication, it may be confirmed by proof of declarations of the same tenor before the motive to falsify existed" ' "*(see, People v Coffey,* 11 NY2d 142, 145, quoting from *People v Singer,* 300 NY 120, 123; *see also, People v Katz,* 209 NY 311).

Pomer's trial testimony was not assailed as a recent fabrication. "As our court has defined the term 'recent fabrication', it 'means * * * that the defense is charging the witness not with

mistake or confusion, but with making up a false story well after the event' " *(People v Davis,* 44 NY2d 269, 277). In this case, no such charge was made on the record. At most, the testimony of the defense witness contradicted Pomer's testimony. That is not sufficient to allow admission of a prior consistent statement *(see, Mendez v Manhattan & Bronx Surface Tr. Operating Auth.,* 57 AD2d 823).

The plaintiffs' argument that this case is governed by *Lichtrule v City Sav. Bank* (29 AD2d 565) is without merit. The prior consistent statement in *Lichtrule* was the plaintiff's statement to a treating physician that she had been struck by a revolving door. That statement, which was wholly consistent with her testimony at the trial, directly contravened the testimony of a defense witness, a police officer who testified that the plaintiff told him she had been struck by a man coming out of the building who knocked her down. For the officer's testimony to be true, the plaintiff's had to be fabricated. In the instant case, on the other hand, the police report offered as a prior consistent statement merely states that the injured plaintiff slipped on an incline and is not in direct conflict with the testimony of the defense witness.

Accordingly, the prior consistent statement was properly excluded from evidence. Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.