■ HARRY HARVIN, as Administrator of the Estate of PATRICIA HARVIN, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [603 NYS2d 893] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated December 12, 1990, which, upon a jury verdict, is in favor of the defendant dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

We find that the trial court properly precluded the plaintiff's decedent, who was alive at the time of the trial, from bolstering her trial testimony by use of her prior consistent statements. It is well settled that an impeached witness cannot be rehabilitated by a prior consistent statement unless the cross-examiner has created the inference of, or directly characterized, the witness's testimony as a recent fabrication *(see, People v McDaniel,* 81 NY2d 10; *People v McClean,* 69 NY2d 426; *People v Davis,* 44 NY2d 269). Here, the defense counsel attempted to challenge the reliability of the plaintiff's dece-

dent's account of how the incident in question occurred, but did not attempt to show that her testimony was a recent fabrication *(see, Smith v Emkay Fifth Ave.,* 172 AD2d 656).

We also find that the court did not improvidently exercise its discretion in denying the plaintiff's decedent's request to present rebuttal evidence. The evidence the plaintiff's decedent sought to present could have been presented during her direct case and would have merely served to bolster her case *(see, Kupfer v Dalton,* 169 AD2d 819; *Kapinos v Alvarado,* 143 AD2d 332).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.