■ RASEAN GREENE, an Infant, by His Mother, DIEDRE G. HUNTER, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [615 NYS2d 149] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from a judgment that dismissed the complaint following a jury verdict finding no negligence on the part of defendant driver.

That complaint sought recovery for injuries sustained by the infant when he was hit by a bus owned by defendant New York City Transit Authority. Plaintiff contends that she was prejudiced by statements in the court's charge; that the court erred in permitting impeachment of the infant with extrinsic evidence on a collateral matter; that the court erred in charging the jury on sections 31 and 41 of the New York City Traffic Regulations; and that the court erred in refusing plaintiff's request to charge section 43 of the New York City Traffic Regulations.

Plaintiff was not prejudiced by statements in the court's charge. The court fairly commented on the significance, or lack thereof, of the fact that the accident occurred on Halloween, and it fairly marshalled the evidence. Admission of the infant's school attendance record did not violate the rule that a cross-examiner may not refute a witness's answers concerning collateral matters by producing extrinsic evidence for the sole purpose of impeaching credibility (see, Richardson, Evidence § 491, at 478 [Prince 10th ed]). In the circumstances of this case, the infant's absence from school was not a collateral matter. It was relevant to defendants' theory that the infant was part of the unruly crowd on the corner and that his injury resulted from horseplay. Were we to conclude that the matter was collateral, we would conclude that admission of the attendance record was inconsequential and would not require reversal (see, Fishman v Scheuer, 39 NY2d 502, 504).

The court properly charged section 31 of the New York City Traffic Regulations, and did not err in charging section 41 of the New York City Traffic Regulations in its entirety. Finally, any error in refusing to charge section 43 of the New York City Traffic Regulations was harmless. The court's charge was adequate with respect to a driver's duty to exercise due care to avoid colliding with a pedestrian. (Appeal from Judgment of Supreme Court, Queens County, Lonschein, J.—Negligence.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.