■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SIPLEY, Appellant. [619 NYS2d 216] —Mercure, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 15, 1991, upon a verdict convicting defendant of the crimes of assault in the second degree and obstructing governmental administration in the second degree.

On July 3, 1990, Michael McKenna, Daniel Webb and defendant, all inmates in the Franklin County Jail, participated in an assault upon inmate Kenneth Recore. Deputy Sheriffs Frederick Schilling and Hal Hoye testified that they saw defendant beating Recore and that defendant thereafter refused to lock himself into his cell, as ordered by the Deputies. Hoye also testified that defendant ran up to the Deputies as they attempted to put Webb into his cell and that when Hoye put his hands up to hold defendant back, defendant slapped them down. Recore testified for the prosecution and defendant called McKenna and Webb as defense witnesses.

McKenna testified favorably to the defense, but Webb asserted his rights under the 5th Amendment and refused to testify. Convicted of assault in the second degree and obstructing governmental administration in the second degree and sentenced to an aggregate prison term of 2 to 6 years, defendant appeals.

We affirm. Initially, we reject the contention that, because Recore was granted immunity by operation of law when he testified before the Grand Jury (see, CPL 190.40 [2]), defendant was denied a fair trial by the People's refusal to grant immunity to Webb as well. Recore was the only prosecution witness who was immunized (see, People v Benedict, 115 AD2d 795, 796, affd 68 NY2d 832, cert denied 480 US 937), and there can be no abuse of prosecutorial discretion in denying transactional immunity to a participant in the crime in question, particularly when the defendant can establish a defense without the witness's testimony (see, People v Adams, 53 NY2d 241, 247-248; People v Finkle, 192 AD2d 783, 787, lv denied 82 NY2d 753; People v Benedict, supra). At the time of trial, Webb was under indictment for his participation in the assault on Recore, and defendant and McKenna both testified in general accord with the testimony that Webb would have given, rendering the latter cumulative (see, People v Finkle, supra).

We further conclude that County Court did not err in denying defendant use of a prior consistent statement by McKenna. It is well-established law that in the case where a witness's testimony is directly or indirectly assailed as a recent fabrication, statements consistent with the witness's direct testimony will be allowed to aid in establishing the credibility of the witness if those statements predated the existence of the motive to fabricate alleged at trial (see, People v McClean, 69 NY2d 426, 428; accord, People v McDaniel, 81 NY2d 10, 18). However, here the subject statement was dated January 10, 1991, after the final resolution of the criminal charges against McKenna and, thus, at a time when he had a clear motive to fabricate because he could not be further prosecuted for his participation in the assault on Recore (see, People v McClean, supra; People v Perez, 193 AD2d 630, lv denied 82 NY2d 724).

Defendant's remaining contentions, including the arguments that County Court should have charged harassment as a lesser included offense of assault (see, People v Moyer, 27 NY2d 252; accord, People v Todd, 59 NY2d 694), that County Court improperly instructed the jury on the charge of ob-

structing governmental administration in the second degree *(see,* 3 CJI[NY] PL 195.05, at 1354A-1354E) and that the sentence is harsh and excessive *(see, People v Abrams,* 203 AD2d 723, *lv denied* 83 NY2d 963), have been considered and found to lack merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.