(November 21, 1996)

■ In the Matter of MARTA B. and Others, Children Alleged to be Abused and Neglected. SCHENECTADY COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; EMILIANO N., Appellant. [650 NYS2d 371] —Casey, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered February 5, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's step-grandchildren to be abused.

The children who are the subject of this abuse and neglect petition are step-grandchildren of respondent, who is the husband of their maternal grandmother. The petition alleges that respondent had abused the children since November 1990 by committing sexual offenses against them, including fondling their genitals and performing oral sex upon them for his own sexual gratification. The children were also allegedly neglected by respondent's threats of violence if they disclosed his acts of sexual abuse. The allegations were supported at the hearing principally by the sworn testimony of one of the children, Shastidy C., which was credited by Family Court.

Shastidy C. testified that respondent had touched her genital area two or three times and that she saw him touch her sister Marta B. below the waist in the front on one occasion during the same weekend. The sworn testimony of Shastidy C. was bolstered by the out-of-court statements of Shastidy C. and Marta to the police and social workers. The third child, Crystal D., made an out-of-court statement which was validated by case social worker Angela Barris, who also opined that Crystal exhibited symptoms of sexual abuse. Contrary to respondent's claim, the evidence demonstrated by a fair preponderance that respondent committed acts which constituted sexual abuse in the first and second degree (*see,* Penal Law §§ 130.60, 130.65). Family Court found such evidence credible and accordingly determined that all three children were abused. We see no basis to disturb Family Court's findings (*see, Matter of Commissioner of Social Servs. of City of N. Y. [Shevonne S.],* 188 AD2d 528, 529-530). The sworn testimony of Shastidy C. required no corroboration (*cf.,* Family Ct Act § 1046 [a] [vi]) and the children's out-of-court statements were adequately corroborated (*see, Matter of Guy UU.,* 200 AD2d 852).

Respondent also claims that as a step-grandfather, he is not a person legally responsible for the children's care who is subject to an abuse and/or neglect proceeding (*see*, Family Ct Act § 1012 [a], [g]). " 'Person legally responsible' includes the child's custodian, guardian [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012 [g]). The statutory language encompasses "those persons acting in loco parentis or as the functional equivalent of a parent in a household setting" (*Matter of Faith GG.*, 179 AD2d 901, *lv denied* 80 NY2d 752). There is undisputed evidence in the record that the children frequently visited respondent and his wife in their home and often spent two or three nights. It is clear that during the visits, respondent and his wife acted as the functional equivalent of parents, cooking and caring for the children. Respondent admitted that he spent a lot of time with the children and that they were very close to him. Based upon our review of the evidence, we agree with Family Court that respondent was a person legally responsible for the care of the children at the relevant time. The order should therefore be affirmed.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.