■ KIMBERLY M. MOONEY et al., Appellants, v DANA J. OsOWIECKY et al., Respondents. [651 NYS2d 713] —Spain, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered December 13, 1995 in Albany County, upon a verdict rendered in favor of defendants.

On February 14, 1991 plaintiff Kimberly M. Mooney (hereinafter plaintiff) was injured when a vehicle she was driving on Interstate Route 787 in the City of Albany was struck by a tractor trailer driven by defendant Dana J. Osowiecky (hereinafter defendant). As a result of the accident, plaintiff suffered a severe head wound causing posttraumatic amnesia which prevented her from recalling the events of the accident. Thereafter, plaintiff and her husband, derivatively, commenced this action against defendant, his brother, defendant Frank T. Osowiecky, Jr., as the owner of the tractor driven by defendant, and defendant Buanno Transportation Company, Inc., as owner of the trailer being hauled by defendant at the time of the accident.* Following a jury trial, by a verdict of five to one, defendant was found not negligent, judgment was entered accordingly and plaintiffs now appeal. On this appeal plaintiffs claim, inter alia, that Supreme Court erred in admitting a police report diagram into evidence and in permitting a police officer to testify to defendant's statements made to him at the accident scene. We agree and reverse.

At the time of trial, defendant offered into evidence a police accident report prepared by Albany Police Officer George

* Supreme Court, upon consent of plaintiffs' counsel, granted a motion by Buanno Transportation for a directed verdict at the close of plaintiffs' case.

Venter as a business records exception to the hearsay rule (see, CPLR 4518). It is axiomatic that police accident scene diagrams may be admitted into evidence if they are based on the officer's personal observations as long as they have been made immediately after the accident and prior to the movement of the involved vehicles (see, Quaglio v Tomaselli, 99 AD2d 487). Here, the record reveals that defendant moved his vehicle from the point of impact to the right-hand shoulder of the road before Venter arrived; thus, the diagram could not have been made upon Venter's first-hand observations.

Additionally, it is now well settled that a police accident report, which is based upon information given to the investigating officer by a participant in the accident, is not admissible as a business record since the participant declarant is under no duty to render the information contained therein (see, Cover v Cohen, 61 NY2d 261). Accordingly, we conclude that Supreme Court erred in admitting the police report into evidence. Likewise, we are of the opinion that Supreme Court also erred in allowing Venter to testify as to defendant's statements at the scene concerning how the accident occurred. Such prior consistent statements may only be introduced when plaintiff attacked defendant's trial testimony as a recent fabrication, which is not the case here (see, People v Sipley, 209 AD2d 864, 865, lv denied 84 NY2d 1038; Sansevere v United Parcel Serv., 181 AD2d 521).

In our view, the aforesaid errors cannot be said to be harmless and there must be a new trial. An independent eyewitness to the accident testified that she had been following plaintiff on Route 787 shortly before the accident. Her testimony was that plaintiff was proceeding in the middle of the three northbound lanes when her car began to slide and then spun around, coming to rest in the middle of the roadway, partially in the left-hand lane. She testified further that a third vehicle was able to come to a stop behind plaintiff's vehicle before defendant's vehicle broadsided plaintiff's vehicle.

Defendant's testimony, on the other hand, directly contradicted the eyewitness's version. He claimed that plaintiff's vehicle moved to the right as if it intended to exit the interstate and then crossed in front of him "out of nowhere" directly into the middle of the left-hand lane where he collided with it. Given those disparate versions of the accident, it cannot be said that Venter's improper bolstering of defendant's in-court assertions, as well as the admission of the police accident report diagram depicting the happening of the accident in accordance with defendant's in-court version, constituted harmless error. Accordingly, the matter should be remitted for a new trial.

We have considered plaintiffs' contentions regarding Supreme Court's ruling allowing defendants' expert to give an opinion as to the mechanics of the accident and find them to be without merit.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.