█ In the Matter of ASHLEY B. and Others, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LANEY K. et al., Appellants. [768 NYS2d 915]—Appeal from an order of Family Court, Oneida County (Griffith, J.), entered January 8, 2002, which determined that respondent Darrin K. abused Ashley B., respondent Laney K. derivatively neglected Ashley B., and respondents derivatively neglected Adriane K. and Amy K.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly determined, following a fact-finding hearing, that respondent Darrin K. abused Ashley B., his stepdaughter, and that respondent Laney K., Ashley's mother, derivatively neglected Ashley. The court also properly determined that respondents derivatively neglected their two other daughters, Adriane K. and Amy K. Upon our review of the record, we conclude that the findings of abuse and derivative neglect are supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [1]; *Matter of Tammie Z.,* 66 NY2d 1, 3 [1985]). Contrary to the contention of respondents, the court did not abuse its discretion in denying their motion for an examination of Ashley by their expert (*see* Family Ct Act § 1038 [c]; *Matter of Jessica R.,* 78 NY2d 1031, 1033-1034 [1991]). Contrary to the further contention of respondents, the court did not abuse its discretion in denying their successive motions to reopen the fact-finding hearing to introduce evidence of the

victim's allegedly inconsistent statements, which statements were made after the close of proof (*see generally Feldsberg v Nitschke,* 49 NY2d 636, 643 [1980], *rearg denied* 50 NY2d 1059 [1980]).

In addition, respondents contend that testimony from four witnesses constituted improper bolstering. They raised a specific objection only with respect to the testimony of the police officer repeating the unsworn allegations of Ashley, however, and that testimony did not constitute improper bolstering (*see Matter of Marta B.,* 233 AD2d 667 [1996]; *see generally Matter of Nicole V.,* 71 NY2d 112, 117-118 [1987]). By failing to raise specific objections to the remainder of the testimony challenged on appeal, respondents failed to preserve for our review their contention that such testimony constituted improper bolstering (*see e.g. People v West,* 56 NY2d 662, 663 [1982]; *People v Alshoaibi,* 273 AD2d 871, 872 [2000], *lv denied* 95 NY2d 960 [2000]). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.