■ JACQUELINE CARR, Individually and as Parent and Natural Guardian of CODY CARR, an Infant, et al., Appellants, v BURNWELL GAS OF NEWARK, INC., et al., Respondents. (Appeal No. 1.) [803 NYS2d 834]—

Appeals from a judgment of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered April 23, 2004 in a personal injury action. The judgment, upon a jury verdict in favor of defendants and against plaintiffs, dismissed the complaints.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are granted, the verdict is set aside, the complaints are reinstated and a new trial is granted.

Memorandum: Plaintiffs commenced an action, and plaintiff Jacqueline Carr commenced a separate action as parent and natural guardian of plaintiffs' son, Cody, seeking damages for injuries sustained by Christopher J. Carr (plaintiff) and Cody in a motor vehicle accident. At trial plaintiff and plaintiffs' expert testified that the truck operated by Robert J. Madison (defendant) crossed over the double yellow lines into plaintiff's lane of travel. Defendant and defendants' expert testified that the vehicle operated by plaintiff crossed over the double yellow lines into defendant's lane of travel. In addition, two police witnesses testified for defendants with respect to three prior consistent statements made by defendant concerning the manner in which the accident occurred. The first statement, which was made orally to a police officer, concerned merely the direction in which defendant was traveling. Plaintiffs made only a general objection to that statement and thus failed to preserve for our review their specific contention that the testimony concerning that statement constituted improper bolstering (see Balsz v A & T Bus Co., 252 AD2d 458 [1998]; see also Matter of Ashley B., 2 AD3d 1402, 1403 [2003], lv denied 2 NY3d 702 [2004]). Plaintiffs failed to object to the testimony concerning the second statement, also made orally to a police officer, wherein defendant stated that plaintiff had veered into defendant's lane of travel, and thus also failed to preserve for our review their contention that the statement constituted improper bolstering (see generally Ashley B., 2 AD3d at 1403; Balsz, 252 AD2d at 458).

Plaintiffs, however, objected to the admission of the third statement in evidence and the testimony concerning that statement on the ground that it constituted improper bolstering and thus preserved their contention for our review with respect to that statement. The third statement was a written statement given by defendant to a police investigator in which defendant asserted that plaintiff veered into defendant's lane of travel. We agree with plaintiffs that the court erred in admitting that statement in evidence and that the error cannot be deemed harmless. We thus conclude that the court erred in denying plaintiffs' motions to set aside the verdict and for a new trial based on the improper admission of the statement in evidence. " '[G]enerally, the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial . . . . The reason, of course, is that an untrustworthy statement is not made more trustworthy by repetition' " (*Sansevere v United Parcel Serv.*, 181 AD2d 521, 524 [1992], quoting *People v McClean*, 69 NY2d 426, 428 [1987]; *see Fishman v Scheuer*, 39 NY2d 502 [1976]; *Crawford v Nilan*, 289 NY 444, 450-451 [1943]; *Hatton v Gassler*, 219 AD2d 697 [1995]; *Aurnou v Craig*, 184 AD2d 1048, 1049 [1992]). In this case, the written statement is a prior consistent statement and, contrary to defendants' contention, it was not admitted under the "recognized exception to the rule where the testimony of a witness is assailed as a recent fabrication[, in which case the] . . . testimony 'may be confirmed by proof of declarations of the same tenor before the motive to falsify existed' " (*Crawford*, 289 NY at 450-451, quoting *Ferris v Sterling*, 214 NY 249, 254 [1915]; *see Harvin v New York City Tr. Auth.*, 198 AD2d 401 [1993]; *Pomer v Chen*, 187 AD2d 497 [1992]; *Smith v Emkay Fifth Ave.*, 172 AD2d 656, 657 [1991]).

Here, the mere fact that plaintiffs challenged the reliability of defendant's version of events does not establish that plaintiffs attempted to show that defendant's testimony was a recent fabrication (*see Harvin*, 198 AD2d at 401-402; *see also Fishman*, 39 NY2d at 504; *Pomer*, 187 AD2d at 497-498; *Smith*, 172 AD2d at 657). Recent fabrication " ' "means . . . that the [plaintiffs are] charging the witness not with mistake or confusion, but with making up a false story well after the event" ' " (*Pomer*, 187 AD2d at 497-498, quoting *People v Davis*, 44 NY2d 269, 277 [1978]). In any event, the statement was made after the accident and thus cannot be deemed to rebut a claim of recent fabrication because it was made after the motive to testify falsely existed (*see Crawford*, 289 NY at 450-451).

Also contrary to defendants' contention, the written state-

ment at issue was not admissible as a business record inasmuch as defendant was under no business duty to report the incident to the police (*see Hatton*, 219 AD2d at 697; *see also Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003], *lv dismissed in part and denied in part* 100 NY2d 636 [2003]). Contrary to defendants' further contention, raised for the first time on appeal, the statement was not admissible as a party admission inasmuch as the statement was not "inconsistent with [defendant's] position on trial" (Prince, Richardson on Evidence § 8-201, at 510 [Farrell 11th ed]).

We conclude that the erroneous admission of the written statement is not harmless. Although the content overlapped in part with the second oral statement, to which plaintiffs failed to object, the written statement was verified under the penalty of perjury, and that fact "may well have prejudiced the plaintiff[s'] case by adding undue credence to the testimony of [defendant]" (*Shufelt v City of New York*, 80 AD2d 554, 555 [1981]). Under the circumstances of this case, we cannot say that the error in admitting that statement had no effect on the outcome of the case (*see Mooney v Osowiecky*, 235 AD2d 603, 604 [1997]; *see also Melendez v New York City Tr. Auth.*, 196 AD2d 460, 462 [1993]). We therefore reverse the judgment, grant the motions, set aside the verdict, reinstate the complaints and grant a new trial.

Based on our determination herein, we see no need to address plaintiffs' remaining contentions. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.