■ CECELIA O'BRIEN, Appellant, v MARIA L. BARRETTA et al., Respondents. [843 NYS2d 399]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Queens County (Rosengarten, J.), entered August 10, 2005, as, upon a jury verdict on the issue of liability (Schulman, J.), finding the defendant Maria L. Barretta 40% at fault and the plaintiff 60% at fault in the happening of the accident, and upon a separate jury verdict on the issue of damages (Rosengarten, J.), is in favor of her and against the defendants in the principal sum of only $40,000 for past lost earnings (40% of $100,000 total lost earnings award), failed to award damages for future pain and suffering and household expenses, and declined to award interest.

Ordered that the judgment is modified, on the facts and in

the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff the principal sum of only $40,000 for past lost earnings (40% of $100,000 total lost earnings award) and (2) by deleting the provision thereof awarding no interest and substituting therefor a provision directing that the plaintiff shall be awarded interest from the date of the liability verdict, October 22, 2001; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and a new trial is granted only with respect to damages for past lost earnings, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the verdict as to damages for past lost earnings from the total sum of $100,000 to the total sum of $200,000; in the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment with interest from the date of the liability verdict, October 22, 2001.

The plaintiff's contentions that the trial court erred in permitting the defendant Maria L. Barretta to testify about the accident and in admitting into evidence postaccident photographs of her bicycle and the defendants' car are unpreserved for appellate review (see Horton v Smith, 51 NY2d 798 [1980]; Koplick v Lieberman, 270 AD2d 460 [2000]; cf. CPLR 5501 [a] [3]). In any event, the plaintiff's contentions are without merit. The trial court providently exercised its discretion in admitting both the photographs and the testimony, as both were relevant to show the force of impact, and therefore "help[ed] in determining the nature or extent of injuries and thus relate[d] to the question of damages" (Rodriguez v Zampella, 42 AD2d 805, 806 [1973]; see Lorenzo v Mass, Inc., 31 AD3d 616 [2006]; Homsey v Castellana, 289 AD2d 201, 201-202 [2001]).

The trial court properly declined to charge the jury on future lost earnings, as the evidence was insufficient to establish that such an instruction was warranted (see Sangiovanni v Koloski, 31 AD3d 422, 423 [2006]; Arpino v Jovin C. Lombardo, P.C., 215 AD2d 614, 615 [1995]; Vetere v Garcia, 211 AD2d 631, 632 [1995]). Here, the plaintiff was working at the time of trial and testified that she planned to work until her retirement less than two years later.

The plaintiff's contention that the jury verdict was inconsistent because it awarded damages for past pain and suffering

and household services, but failed to award damages for future pain and suffering and household services, is unpreserved for appellate review (*see Barry v Manglass*, 55 NY2d 803 [1981]; *Jamal v Gohel*, 25 AD3d 587 [2006]), and, in any event, is without merit (*see Latour v Hayner Hoyt Corp.*, 13 AD3d 1147 [2004]; *Batts v Rutrick*, 298 AD2d 417 [2002]; *Giladov v Kurzweil*, 220 AD2d 481 [1995]).

However, we agree with the plaintiff that the jury's verdict finding that she sustained damages in the total sum of $100,000 for past lost earnings deviated materially from what would be reasonable compensation. Under the circumstances of this case, where no conflicting evidence was presented by the defendants, the sum of $200,000 represents reasonable compensation for the plaintiff's past lost earnings (*see* CPLR 5501 [c]; *see generally Schiller v New York City Tr. Auth.*, 300 AD2d 296, 296-297 [2002]; *Bailey v Jamaica Buses Co.*, 210 AD2d 192 [1994]).

The plaintiff did not object to the form of the judgment and therefore failed to preserve for direct appeal her argument that she is entitled to prejudgment interest from the date of the liability verdict. Nevertheless, since the calculation of interest is subject to correction by the court on a motion pursuant to CPLR 5019 (*see Kiker v Nassau County*, 85 NY2d 879 [1995]), we reach the issue, for purposes of judicial economy. The plaintiff is entitled to an award of prejudgment interest from the date of the liability verdict (*see Van Nostrand v Froehlich*, 44 AD3d 54 [2007]). Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.