■ ALICE MCGLOIN, Appellant, v MARIA J. GOLBI et al., Respondents. [853 NYS2d 378]—

The plaintiff allegedly was injured when the ambulance she was driving collided with the defendants' vehicle in a northbound lane of the FDR Drive. The trial court properly exercised its discretion in admitting evidence of a prior incident where the plaintiff had been disciplined by her employer for the inappropriate use of the lights and siren on an ambulance as within the scope of the direct examination of the plaintiff (*see Feldsberg v Nitschke,* 49 NY2d 636, 642 [1980]).

However, the trial court committed reversible error by giving the jury a missing document charge regarding the plaintiff's failure to produce a driver log which the plaintiff's partner prepared the day of the accident, in the absence of any evidence that the log existed or was requested in discovery (*see Jean-Pierre v Touro Coll.,* 40 AD3d 819 [2007]; *Wilkie v New York City Health & Hosps. Corp.,* 274 AD2d 474 [2000]). It also erred in precluding the plaintiff from introducing her MV-104 accident report on the ground that it merely bolstered her testimony (*see Pomer v Chen,* 187 AD2d 497 [1992]). The plaintiff should have been permitted to introduce the report to counter a charge of "recent fabrication" (*Lichtrule v City Sav. Bank of Brooklyn,* 29 AD2d 565 [1967]).

The court further erred in instructing the jury that if it found that the defendants were negligent, the common-law standard of negligence automatically applied. Rather, it is for the jury to determine if an emergency existed and, if so, the plaintiff would be entitled to the application of the "reckless disregard" standard of care set forth in Vehicle and Traffic Law § 1104 (*see Criscione v City of New York,* 97 NY2d 152 [2001]; *cf. Sierk v Frazon,* 32 AD3d 1153, 1155 [2006]; *O'Connor v City of New York,* 280 AD2d 309 [2001]).

A new trial is warranted because the cumulative effect of the errors was unduly prejudicial (*see* CPLR 2002; *Wilbur v Lacerda,* 34 AD3d 794 [2006]; *Bayne v City of New York,* 29 AD3d 924 [2006]; *Smith v Kuhn,* 221 AD2d 620 [1995]; *Cohn v Meyers,* 125 AD2d 524 [1986]). Lifson, J.P., Ritter, Florio and Carni, JJ., concur.