ALICE DELACRUZ, Appellant, v PORT AUTHORITY OF NEW YORK and NEW JERSEY et al., Respondents. [879 NYS2d 436]—

Judgment, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered March 24, 2008, upon a jury verdict awarding plaintiff $11,148 for past lost wages and $25,000 for past pain and suffering, and nothing for future lost wages or pain and suffering, and defendants' stipulation to increase the award for past pain and suffering to $75,000, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 26, 2008, to the extent it denied in part plaintiff's post-trial motion with respect to the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The stipulated increase in damages for past pain and suffering, undertaken at the court's urging and as an alternative to a new trial, was warranted (*see Newman v Aiken*, 278 AD2d 115 [2000]). In reviewing plaintiff's motion to set aside the award of past pain and suffering, Supreme Court employed the "deviates materially from reasonable compensation" test specified by CPLR 5501 (c). That statute provides the Appellate Division with the power to review a damages verdict under that standard; it does not expressly provide Supreme Court with similar review power. Whether Supreme Court was authorized to review the award for past pain and suffering under the standard provided by CPLR 5501 (c) or was required to review the award under a more restricted standard, e.g. "shocks the conscience" (*compare Ashton v Bobruitsky*, 214 AD2d 630 [1995], *Prunty v YMCA of Lockport*, 206 AD2d 911 [1994], *and Cochetti v Gralow*, 192 AD2d 974 [1993], *with Lauria v New York City Dept. of Envtl. Protection*, 152 Misc 2d 543 [1991]; *see* Siegel, NY Prac § 407 [4th ed]), is an issue we need not decide. Under our own review pursuant to CPLR 5501 (c), we conclude that the jury's award for past pain and suffering of $25,000 deviates materially from reasonable compensation, and that, as Supreme Court found, $75,000 is reasonable compensation (*see generally Donatiello v City of New York*, 301 AD2d 436 [2003]).

The jury, after assessing the parties' competing expert medical testimony and viewing surveillance video of plaintiff, reason-

ably denied future damages, concluding that plaintiff's present back and knee injuries were related to her weight and degenerative changes, and that she had seemingly made a full recovery from any injury suffered by reason of defendants' negligence (*see Mejia v JMM Audubon*, 1 AD3d 261, 262 [2003]). Furthermore, she was looking for work (*see O'Brien v Barretta*, 44 AD3d 731, 732 [2007]), and had resumed full daily activities. Concur—Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.