LEAH NELSON, an Infant, by Her Mother and Natural Guardian, OSHRIT NELSON, et al., Appellants, v FRIENDS OF ASSOCIATED BETH RIVKA SCHOOL FOR GIRLS et al., Respondents. [987 NYS2d 907]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), entered June 28, 2012, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The infant plaintiff, Leah Nelson, by her mother and natural

guardian, and her mother individually, commenced this action against Friends of Associated Beth Rivka School for Girls and Beth Rivka Preschool, inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff on the playground of the preschool operated by the defendants. The infant plaintiff was a student at the preschool at the time of the incident. The plaintiffs alleged, inter alia, that the infant plaintiff was injured as a result of the defendants' negligence in the supervision of the infant plaintiff, who was permitted to play on monkey bars, from which she fell, thus sustaining injuries. The defendants effectively conceded that monkey bars were not age-appropriate playground equipment for preschool children, inasmuch as the two teachers who purportedly supervised preschool children on the playground testified at trial that the monkey bars were off-limits to preschool children. At trial, however, the defendants contended that the infant plaintiff did not fall from the monkey bars. This contention was advanced by those two teachers, who testified that the infant plaintiff fell from an orange ladder that was suitable for preschool children to climb.

At trial, the plaintiffs made an offer of proof, pursuant to which they sought to introduce into evidence an entry in an emergency room record that was allegedly made on the date of the accident, wherein, according to the plaintiffs, the infant plaintiff told the emergency room physician that she fell from the monkey bars. The defendants objected. In response, the plaintiffs' counsel argued that, during jury selection, the defendants had suggested that the infant plaintiff was improperly "coached," and counsel contended that the defendants would again attempt to discredit the testimony of the infant plaintiff as a recent fabrication. The plaintiffs' counsel further argued that the entry in the emergency room record was germane to the treatment of the infant plaintiff. The court sustained the defendants' objection, and denied the plaintiffs' proffer.

As anticipated by the plaintiffs in making their offer of proof, the defendants challenged the infant plaintiff's credibility by asking her, inter alia, whether she knew that she was "going to have to . . . talk about the monkey bars" in court, and whether she had been told "what to tell everybody." The defendants also confronted the infant plaintiff with several lines of her deposition testimony, in which she acknowledged that she did not remember what she was doing when she was injured.

After the close of evidence, the plaintiffs renewed their request to admit the emergency room medical record into evidence. The court adhered to its earlier ruling. Thereafter, dur-

ing their summation, the defendants argued that the infant plaintiff did not actually remember the incident and, therefore, she had "been told what to say." The jury found that the defendants were not negligent.

The Supreme Court erred in precluding the plaintiffs from admitting the proffered medical record into evidence and in denying their renewed request to introduce the medical record. Ordinarily, "[t]he testimony of an impeached or discredited witness may not be supported and bolstered by proving that he [or she] has made similar declarations out of court" (*Crawford v Nilan*, 289 NY 444, 450 [1943]; *see People v Buie*, 86 NY2d 501, 510-511 [1995]). However, an out-of-court statement "made at a time before a motive to falsify exists may be received in evidence after the testimony of the witness is attacked as a recent fabrication" (*Lichtrule v City Sav. Bank of Brooklyn*, 29 AD2d 565, 565-566 [1967]; *see People v Buie*, 86 NY2d at 511; *McGloin v Golbi*, 49 AD3d 610, 611 [2008]). Here, the focus of the defense was not merely that the infant plaintiff was mistaken or that she was confused or could not recall her accident, but that she was coached to tell a "false story well after the event" and, as such, it was a recent fabrication (*People v Singer*, 300 NY 120, 124 [1949]; *see McGloin v Golbi*, 49 AD3d at 611; *Lichtrule v City Sav. Bank of Brooklyn*, 29 AD2d at 565-566; *cf. Pomer v Chen*, 187 AD2d 497, 497-498 [1992]). Moreover, the statement fell within another exception to the hearsay rule, as it was germane to the infant plaintiff's medical treatment on the date of the incident (*see People v Ortega*, 15 NY3d 610 [2010]; *Williams v Alexander*, 309 NY 283 [1955]; *Berrios v 735 Ave. of the Ams., LLC*, 103 AD3d 472 [2013]; *Kamolov v BIA Group, LLC*, 79 AD3d 1101 [2010]; *see also People v Clarke*, 101 AD3d 897, 898 [2012]; *People v Mack*, 89 AD3d 864, 866 [2011]; *cf. Sermos v Gruppuso*, 95 AD3d 985, 986 [2012]).

The issue of whether the infant plaintiff's accident occurred because she fell from the monkey bars, as opposed to the orange ladder, was vital to the plaintiffs' proof of their case, as it was to the defense, and the jury's determination with respect to that issue necessarily hinged on the jury's determinations of the credibility of the infant plaintiff and the two teachers (*see Lichtrule v City Sav. Bank of Brooklyn*, 29 AD2d 565, 566 [1967]). Thus, under these circumstances, the admission of the statement contained in the emergency room record would have had a substantial influence in bringing about a different verdict (*see* CPLR 2002; *see Cherico v City of New York*, 88 AD2d 889, 889-890 [1982]; *cf. Crawford v Nilan*, 289 NY at 449; *Khan v Galvin*, 206 AD2d 776, 777 [1994]). Accordingly, the Supreme Court's error was not harmless.

The plaintiffs' remaining contention need not be reached in light of our determination. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.