Powell v Burg (2025 NY Slip Op 03348)

Powell v Burg

2025 NY Slip Op 03348

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-07790
 (Index No. 5408/14)

[*1]Yolanda Powell, appellant, 
v
Leona Burg, respondent.

Sacco & Fillas, LLP, Astoria, NY (Lamont K. Rodgers of counsel), for appellant
Rothenberg & Burns, Garden City, NY (Vanessa A. Gomez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), entered January 29, 2021. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.
The plaintiff allegedly was injured when her vehicle was struck in the rear by a vehicle owned and operated by the defendant. The plaintiff commenced this action to recover damages for personal injuries, alleging that as a result of the subject accident she sustained a serious injury as defined by Insurance Law § 5102(d). By order dated February 10, 2015, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. In August 2017, the action proceeded to a jury trial on the issue of damages. At the trial, the plaintiff testified, inter alia, that the impact between the two vehicles was heavy and that as a result of the accident she missed more than one year of work. On cross-examination, the court admitted into evidence certain photographs purporting to depict the rear bumper of the plaintiff's vehicle and various documents purporting to be from the plaintiff's employment file with her former employer. The jury found that the plaintiff had not sustained a serious injury under the significant limitation of use, permanent consequential limitation of use, or 90/180-day categories of Insurance Law § 5102(d) as a result of the accident. On January 29, 2021, a judgment was entered, upon the jury verdict, in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
The proponent must lay a proper foundation for the admission of photographs into evidence, "which generally requires proof that the photographs were taken close in time to the accident and fairly and accurately represent the conditions as they existed on the date of the accident" (Davidow v CSC Holdings, Inc., 156 AD3d 682, 682). Here, the plaintiff, who was the sole witness who testified about the photographs, stated that they did not fairly and accurately depict the condition of her vehicle after the accident and that she did not know when the photographs were taken. Thus, the defendant failed to lay a proper foundation for admission of the photographs, and the Supreme [*2]Court erred in admitting them into evidence.
"[D]ocuments obtained by subpoena cannot be admitted into evidence without a proper evidentiary foundation" (Rush v Save My Home Corp., 145 AD3d 930, 932). Furthermore, "[a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [internal quotation marks omitted]). Here, the defendant failed to lay a proper foundation for the admission of the plaintiff's employment documents, which had been obtained via subpoena, since no witness testified to having personal knowledge of the business practices and procedures of the plaintiff's former employer. Accordingly, the Supreme Court erred in admitting the employment documents into evidence.
Postaccident photographs of a vehicle are "relevant to show the force of an impact, and [would] therefore 'help[ ] in determining the nature or extent of injuries and thus relate[ ] to the question of damages'" (O'Brien v Barretta, 44 AD3d 731, 732, quoting Rodriguez v Zampella, 42 AD2d 805, 806). Additionally, the employment documents were relevant to both the plaintiff's credibility and her prior injury history. Since the improperly admitted photographs and employment documents related to the extent of the plaintiff's injuries and her credibility, these errors were not harmless (see CPLR 2002; Fraser v 147 Rockaway Pkw, LLC, 203 AD3d 894, 896-897; Carcamo v Stein, 53 AD3d 520, 521; see also Nelson v Friends of Associated Beth Rivka Sch. for Girls, 119 AD3d 536, 538-539).
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of damages.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court